# IN THE SUPREME COURT OF MISSISSIPPI

## NO. 2002-CA-00321-SCT

*CHARLENE RAY*

*v.*

*RAY A. KEITH AND LEE COUNTY, MISSISSIPPI, BY AND THROUGH LEE COUNTY BOARD OF SUPERVISORS*

| | |
|---|---|
| DATE OF JUDGMENT: | 02/01/2002 |
| TRIAL JUDGE: | HON. THOMAS J. GARDNER, III |
| COURT FROM WHICH APPEALED: | LEE COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANT: | T. JACKSON LYONS |
| | PATRICK S. WOOTEN |
| ATTORNEYS FOR APPELLEES: | WILLIAM C. MURPHREE |
| | GARY L. CARNATHAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 09/11/2003 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | |

**EN BANC.**

**CARLSON, JUSTICE, FOR THE COURT:**

¶1.     Lee County and Ray A. Keith were granted summary judgment pursuant to Miss. Code Ann. § 11-46-11 (Rev. 2002) after the trial court determined Charlene Ray failed to comply with the notice requirements of the Mississippi Tort Claims Act (MTCA), Miss. Code Ann. §§ 11-46-1 to -23 (Rev. 2002 & Supp. 2003), and the statute of limitations had expired. Ray appeals the ruling of the circuit court. Finding Lee County's motion for summary judgment was properly granted, this Court affirms the judgment of the Circuit Court of Lee County.

## FACTS AND PROCEEDINGS IN THE TRIAL COURT

¶2.    On August 20, 1999, Ray was turning his vehicle onto an entrance ramp to U.S. Highway 45 in Lee County when Ray A. Keith (Keith) failed to yield the right of way at a stop sign and struck Ray's vehicle. Keith's place of employment was listed as "Lee County Fire Cord." on the accident report.

¶3.    On April 17, 2000, Ray made her first offer to settle with Keith's private insurance carrier, Metropolitan Life. A second settlement demand was made, again to Metropolitan Life, on July 25, 2000, after Ray was able to correspond further with her physical therapist. The demand was rejected on July 31, 2000, by Tommy Whitt, a claims adjuster for Metropolitan Life. Two guest passengers in Ray's vehicle settled with Keith's private insurance carrier. Ray, dealing only with Keith through his private insurance carrier, Metropolitan Life, was unable to settle after a mutually agreeable amount could not be reached between the parties.

¶4.    After failed settlement negotiations, Ray filed suit against Keith on August 16, 2000. On September 12, 2000, Keith's counsel filed a motion requesting additional time to answer Ray's complaint because Keith's employer, Lee County, was a real party in interest pursuant to the MTCA. On September 27, 2000, Keith filed his answer asserting defenses based upon his status as an employee under the MTCA. An order dismissing the case was entered December 11, 2000.

¶5.    On February 12, 2001, Ray filed a new complaint, which is the subject of this appeal, adding Lee County as a party to the lawsuit. On June 14, 2001, Lee County and Keith filed a motion for summary judgment on the ground that Ray's suit was barred by her failure to file suit within the one-year statute of limitations. An order granting summary judgment in favor of Lee County and Keith was entered on

February 5, 2002. Ray timely filed her appeal asserting only one issue for review by this Court: Whether the MTCA's one-year statute of limitations period is tolled when the plaintiff is unaware that the defendant is an employee as defined under the MTCA acting within the course and scope of his employment at the time of the accident.

## DISCUSSION

¶6.     This Court employs a de novo standard in reviewing a trial court's grant of summary judgment. *Short v. Columbus Rubber & Gasket Co.*, 535 So.2d 61, 65 (Miss. 1988). Summary judgment may only be granted where there are no genuine issues of material fact such that the moving party is entitled to judgment as a matter of law. M.R.C.P. 56(c). The trial court must carefully review all evidentiary matters in the light most favorable to the non-moving party. *Brown v. Credit Ctr., Inc.,* 444 So. 2d 358, 362 (Miss. 1983). If in this view, the moving party is entitled to judgment as a matter of law, summary judgment should be granted. *Id.*

¶7.     It is undisputed that Keith is an "employee" as defined by Miss Code Ann. § 11-46-1(f).[1] As an employee of Lee County, Keith failed to reveal to Ray that he was acting within the course and scope of his employment at the time of the accident. This Court must determine whether, as a result of this failure to reveal by Keith, Ray detrimentally relied on Keith's conduct.

---

[1] Miss. Code Ann. § 11-46-1(f) (Rev. 2002):

(f) "Employee" means any officer, employee or servant of the State of Mississippi or a political subdivision of the state, including elected or appointed officials and persons acting on behalf of the state or a political subdivision in any official capacity, temporarily or permanently, in the service of the state or a political subdivision whether with or without compensation. . . .

¶8.     In *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237 (Miss. 1998), this Court held substantial compliance with the MTCA's notice provisions was sufficient. By replacing strict compliance with substantial compliance, the Court "opened the door for the application of equitable estoppel in cases arising under the Tort Claims Act." *Trosclair v. Miss. Dep't of Transp.*, 757 So.2d 178, 181 (Miss. 2000). *See also Smith County Sch. Dist. v. McNeil*, 743 So.2d 376 (Miss. 1999); *Miss. Dep't of Pub. Safety v. Stringer*, 748 So.2d 662 (Miss. 1999); *Ferrer v. Jackson County Bd. of Supervisors*, 741 So.2d 216 (Miss. 1999); *Carr v. Town of Shubuta*, 733 So.2d 261 (Miss. 1999). "Equitable estoppel requires a representation by a party, reliance by the other party, and a change in position by the relying party." *Westbrook v. City of Jackson*, 665 So.2d 833, 839 (Miss. 1995) (citing *Izard v. Mikell*, 173 Miss. 770, 774, 163 So. 498, 499 (1935)). "Inequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations." *Trosclair*, 757 So. 2d at 181 (citing *Stringer*, 748 So.2d at 665; *Carr*, 733 So. 2d at 265 (citing *Mannino v. Davenport*, 99 Wis.2d 602, 614, 299 N.W.2d 823, 828 (1981))).

¶9.     In *Trosclair*, summary judgment was awarded in favor of the Mississippi Department of Transportation (MDOT) after the circuit court determined the notice requirements of the MTCA had not been met. 757 So. 2d at 178. Susan Trosclair and Bridget Bailes were injured in a one-car accident when their car left the roadway on U.S. Highway 49, which was under construction at the time. *Id.* at 179. Their attorney contacted MDOT within several months of the accident and was informed that the construction was being done by a private contractor. *Id.* However, at the conclusion of the investigation and approximately fourteen months after the accident, the attorney contacted MDOT again and learned that

4

it was, in fact, MDOT that had performed the renovations to the roadway. *Id.* Although the one year statute of limitation had expired, Trosclair and Bailes filed a suit against MDOT. *Id.* The trial court granted MDOT's motion to dismiss finding Trosclair and Bailes had failed to comply with the notice requirements of the MTCA. *Id.* at 180.

¶10. On appeal, this Court found the circuit court failed to apply the substantial compliance test set out in *Reaves*. 757 So. 2d at 180-81. This Court determined there was a material issue of fact as to whether Trosclair and Bailes reasonably relied upon misrepresentations of MDOT. *Id.* at 181. Therefore, this Court reversed the grant of summary judgment in favor of MDOT and remanded the case for further proceedings. *Id.*

¶11. In the instant case, Ray has failed to establish that Lee County withheld any information regarding Keith's employment nor has she shown that Lee County has provided her with misleading or inaccurate information.

¶12. The federal courts have also considered whether the doctrine of equitable estoppel applies to toll the statute of limitations under the Federal Tort Claims Act (FTCA). Applying federal law "a cause of action accrues once the existence of an injury and its cause are known. The statute of limitations under the FTCA commences to run from the date of accrual and does not wait until a plaintiff is aware that an alleged tort-feasor is a federal employee." *Gould v. United States Dep't of Health & Human Servs.*, 905 F.2d 738, 745 (4th Cir. 1990). "Courts almost uniformly have dismissed complaints where the plaintiff failed to file a claim with the appropriate federal agency within the two-year limitation period, even though plaintiff's failure to timely submit a claim resulted from his ignorance of defendant's status as a government

5

employee."*Flickinger v. United States*, 523 F. Supp. 1372, 1375 (W.D. Pa. 1981). Despite the harsh impact of this rule on plaintiffs and "strong equitable considerations notwithstanding," courts have held the two-year limitation period of 28 U.S.C. § 2401(b)[2] cannot be tolled or waived. *Lien v. Beehner*, 453 F. Supp. 604, 606 (N.D.N.Y. 1978). *See also* *Wilkinson v. United States*, 677 F.2d 998, 1001 (4th Cir. 1982); *United Missouri Bank South v. United States*, 423 F. Supp. 571, 577 (W.D. Mo. 1976) (limitation provision of FTCA not to be extended by implication or by equitable considerations). The Fourth Circuit has held because the burden is on the plaintiff to discover the employment status of the tortfeasor and to bring suit within the applicable limitations period, the government is under no obligation to notify every prospective plaintiff of its identity and involvement through its employees in all potential legal actions. *Gould*, 905 F.2d at 745. *See also* *Zeleznik v. United States*, 770 F.2d 20, 22-23 (3d Cir. 1985); *Van Lieu v. United States*, 542 F. Supp. 862, 866 (N.D.N.Y. 1982); *Dessi v. United States*, 489 F. Supp. 722, 725 (E.D. Va. 1980).

¶13.    In *Gould*, the United States District Court for the District of Maryland granted summary judgment in favor of the U.S. Department of Health and Human Services finding Gould's claim was time barred under 28 U.S.C. § 2401(b). 905 F.2d at 740. The decedent was treated by physicians employed by the U.S. Public Health Service. *Id.* Gould sued the physicians claiming their malpractice caused the decedent's

---

[2] 28 U.S.C. § 2401(b):

(b) A tort claim against the United States shall be forever barred unless it is presented in writing to the appropriate Federal agency within two years after such claim accrues or unless action is begun within six months after the date of mailing, by certified or registered mail, of notice of final denial of the claim by the agency to which it was presented.

death; however, Gould failed to file suit within the two-year statute of limitation. *Id.* at 740-41. Gould

argued that she had no knowledge of the physicians' status as federal employees and that therefore the

statute of limitations should be tolled until she was made aware of that fact. *Id.* at 741. The district court

rejected her argument and granted summary judgment in favor of the U.S. Department of Health and

Human Services. *Id.*

¶14.    The United States Court of Appeals for the Fourth Circuit affirmed the district court's ruling finding

that even though Gould's failure to timely file her claim was the result of her lack of knowledge regarding

the employment status of the physicians, Gould, nonetheless, failed to timely file her claim within the two-

year statute of limitation period. *Id.* at 741-42. The Fourth Circuit found Gould did not exercise due

diligence in determining the true parties of the lawsuit or in determining the employment status of the

physicians. *Id.* at 745. The Fourth Circuit relied on the Second Circuit in reaching its decision:

> The Second Circuit held in ***Kelley v. United States***, 568 F.2d 259, 262 (2d Cir.), cert. denied, 439 U.S. 830, 99 S.Ct. 106, 58 L.Ed.2d 124 (1978), that when the *government intentionally delays* in order to invoke the statute of limitations, the statute is tolled. In the case at bar, however, there is no evidence that the government stalled the discovery process or otherwise blocked plaintiffs from obtaining information within the limitations period.
>
> Indeed, the evidence is to the contrary. While it is true that the employment status of the attending physicians was not made known to plaintiffs at the time treatment was given, it is also true that plaintiffs made no inquiry as to the physicians' employment status until August 1983. When asked, the government responded promptly to plaintiffs' request for this information. Unfortunately, such requests were not made until the statute of limitations had expired.

*Gould*, 905 F.2d at 745 (emphasis added).

¶15.    In the case sub judice, it is also evident that Ray did not exercise due diligence in determining the true parties of the lawsuit or in determining Keith's employment.  The accident report showed that Keith was employed by Lee County; however, Ray failed to properly consider Lee County as a party in interest to her lawsuit.

¶16.    Although federal courts apply strict compliance to the FTCA and Mississippi applies substantial compliance to the MTCA, the federal cases are quite significant. There is no evidence in the record that suggests Ray made any attempt to determine the employment status of Keith. There is also no evidence of intentional delay by Lee County which would toll the statute. Because there is no evidence that Lee County misled Ray, we affirm the trial judge's grant of summary judgment on the grounds that Ray failed to substantially comply with the notice requirements of the MTCA, and therefore, the statute of limitations had expired.

### CONCLUSION

¶17.    The trial court was eminently correct in finding Charlene Ray failed to substantially comply with the MTCA. This failure caused the one-year statute of limitations to run, thus barring Ray's claim. Therefore, this Court affirms the trial court's grant of summary judgment in favor of Lee County and Keith.

¶18.    **AFFIRMED.**

**PITTMAN, C.J., SMITH, P.J., COBB AND EASLEY, JJ., CONCUR.  GRAVES, J., DISSENTS WITH SEPARATE WRITTEN OPINION JOINED BY McRAE, P.J. WALLER AND DIAZ, JJ., NOT PARTICIPATING.**

**GRAVES, JUSTICE, DISSENTING:**

¶19.	The majority holds that Charlene Ray failed to comply with the notice requirements of the Mississippi Tort Claims Act (MTCA) and the applicable statute of limitations. Hence, it bars Ray's personal injury claim. Because I disagree, I respectfully dissent.

**I.**

¶20.	On August 20, 1999, around twelve o'clock noon, Ray was turning onto an entrance ramp to U.S. Highway 45 in Lee County when Keith failed to yield the right of way at a stop sign and struck Ray's vehicle. The accident report states that Keith was cited by the investigating officer for the violation. Keith's place of employment was listed as "Lee County Fire Cord."

¶21.	Shortly after the accident, Ray obtained counsel. Medical records and bills were sent through correspondence to the claims adjuster, Tommy Whitt of Metropolitan Life, Keith's private insurance carrier. On April 17, 2000, Ray made her first settlement demand. A second demand was made on July 25, 2000. Whitt rejected the demand on July 31, 2000. Ray filed suit against Keith on August 16, 2000. On September 12, 2000, following service on Keith, his counsel filed a motion requesting additional time to answer indicating that Keith's employer was a real party in interest pursuant to the Mississippi Tort Claims Act.

¶22.	On September 27, 2000, Keith answered and asserted defenses based on his status as an MTCA-covered employee. An order dismissing the case was entered December 11, 2000.

**II.**

¶23.	Keith and Lee County assert that the trial court did not err in granting summary judgment. Keith and Lee County contend that Ray failed to discover that when the collision occurred Keith was acting within the course and scope of his employment with Lee County. Keith and Lee County allege that Ray

9

did not comply with the Mississippi Tort Claims Act, which requires notice within one year after the alleged injury occurred.

¶24.    In reviewing the grant for summary judgment, the Court stands in the same position with respect to the parties and the record as did the trial court. The Court, therefore, reviews the judgment granted de novo using the same standard applied by trial courts. **Daniels v. GNB, Inc.**, 629 So.2d 595, 599 (Miss. 1993). The sole question presented before this Court is whether any principle applies which tolled the statute.

¶25.    After review of the record, it is evident that Keith is an MTCA-covered employee. This fact is uncontested. MTCA contains a mandatory notice provision and a one year statute of limitations in § 11-46-11 which reads in relevant part:

> (3) All actions brought under the provisions of this chapter **shall be commenced within one (1) year next after the date of the tortious, wrongful or otherwise actionable conduct on which the liability phase of the action is based, and not after**; provided, however, that the **filing of a notice of claim as required by subsection (1) of this section shall serve to toll the statute of limitations for a period of ninety-five (95) days. The limitations period provided herein shall control and shall be exclusive in all actions subject to and brought under provisions of this chapter**, notwithstanding the nature of the claim, the label or other characterization the claimant may use to describe it, or the provisions of any other statute of limitations which would otherwise govern the type of claim or legal theory if it were not subject to or brought under the provisions of this chapter.

Miss. Code Ann. § 11-46-11 (Supp. 1998).

¶26.    Ray argues that the "discovery rule" and the doctrine of equitable estoppel are applicable to the instant case and tolled the statute. Case law supports Ray's contention. "A party asserting equitable estoppel must show that he has changed his position in reliance upon the conduct of another, and that he

has suffered detriment caused by his change of position in reliance upon such conduct." *PMZ Oil Co. v. Lucroy*, 449 So.2d 201, 202 (Miss. 1984). In the instant case, proof exists to show that Keith and his private insurance carrier failed to reveal that at the time of the accident he was acting within the course and scope of his employment. Additionally, Keith's private insurance carrier settled the claims of Ray's passengers, Pauline Newcomb and Mason Kedpradt. Ray's claim was not settled because a mutually agreeable amount could not be agreed upon between the parties. As a result of Keith's failure to reveal that he was acting within the course and scope of his employment, Ray was prejudiced. He relied on Keith's conduct which was wholly inconsistent with his tardy revelation regarding his "course and scope of employment" defense.

¶27.     Keith and Ray exchanged numerous correspondence prior to the tolling of the statute of limitations. As the record reveals, there were communications between Keith's private insurance carrier and Ray as early as August 30, 1999. The two passengers' cases were settled by way of a payment made by Keith's private insurance carrier. An offer of settlement had been made by Keith's private carrier on Ray's claim. It was only after Ray failed to accept the offer and filed suit that Keith first raised the defense that he was acting within the course and scope of his employment. Obviously, Keith at all times knew that he was acting within the course and scope of his employment, yet he failed to notify his employer and instead allowed his personal insurance carrier to settle claims arising out of this accident on his behalf. Because Keith engaged in a course of conduct which would lead any reasonable person to conclude that he was personally liable, he should be estopped from raising the MTCA statute of limitations and notice requirements as a defense. Inequitable or fraudulent conduct may be established to estop a party from

11

asserting a statute of limitations defense. ***Miss. Dep't. of Public Safety v. Stringer*** 748 So.2d 662, 665 (Miss. 1999).

¶28. The MTCA is intended to protect government employees who are acting within the course and scope of their employment. It provides an exclusive civil remedy against a governmental entity or its employee for acts or omissions which give rise to a suit. ***Watts v. Tsang***, 828 So.2d 785, 791 (Miss. 2002). Here, Keith never indicated that he was acting within the course and scope of his employment until after the lawsuit was filed. Moreover, all the evidence and facts support a reasonable conclusion that he was not acting within the course and scope of his employment. Ray should not be penalized as a result. I would reverse the trial court's judgment and remand this case for further proceedings. Therefore, I respectfully dissent.

**McRAE, P.J., JOINS THIS OPINION**.