SHEE, J.,
for the Court.
¶ 1. In a medical malpractice claim filed by Irene and Kenneth Stark, the Circuit Court of Leflore County granted summary judgment in favor of the Appellees-Green-wood Leflore Hospital (GLH), Greenwood Orthopedic Clinic (Orthopedic Clinic), and Dr. R. Bruce Newell. The circuit court found that Dr. Newell was an employee of the Greenwood Hospital system; therefore, the Mississippi Tort Claim Act’s (MTCA) statute of repose required any claim against him to be filed within one year of the complained of conduct. The circuit court found that the Starks had failed to timely file their claim and had not used due diligence to attempt to discover the employment status of Dr. Newell. Accordingly, the circuit court dismissed the Starks’ claim.
¶ 2. Aggrieved, the Starks appeal. They argue that the Appellees’ misleading conduct prevented them from discovering Newell’s governmental employment status; therefore, the Appellees should be es-topped from asserting the MTCA’s statute of repose. Finding no error with the circuit court’s grant of summary judgment, we affirm.
*902 FACTS AND PROCEDURAL HISTORY
¶ 3. On September 30, 2003, Dr. Newell first saw Irene as a patient in Grenada, Mississippi at the Grenada Specialty Clinic (Specialty Clinic)-a satellite clinic owned and operated by GLH. When Dr. Newell treated Irene at the Specialty Clinic, he was and had been an employee of GLH for more than three years. Dr. Newell also saw patients in Greenwood, Mississippi at the Orthopedic Clinic. However, the only time he saw Irene as a patient other than at the Specialty Clinic was when he performed her surgery at GLH on January 22, 2004.
¶ 4. The surgery that Dr. Newell performed was a hip replacement for Irene. Following the hip replacement surgery, Irene claimed to suffer from a “permanent foot drop,” which required her to wear a brace and limited her movement. On May 18, 2005, the Starks sent a notice of claim to Dr. Newell, alleging that Irene’s foot drop was the result of damage to her nerves from her surgery, which was performed by Dr. Newell.
¶ 5. In response, the Starks were informed that Dr. Newell was an employee of GLH and that their claim was denied. Thereafter, the Starks sent a second notice of claim to GLH. In a June 28, 2005, letter, the Starks were again informed of Dr. Newell’s employment status and told that their claim failed to meet the requirements of the MTCA. Following receipt of the letter informing the Starks that their claim was filed untimely, they filed a complaint in the circuit court on October 25, 2005.
¶ 6. The circuit court found that: (1) the Starks did not file a notice of claim with the chief executive officer of GLH, or anyone, within the one-year period provided for by the statute of limitations under the MTCA, and (2) the Starks did not file suit in the matter within the one-year period. Accordingly, the circuit court found that the Starks’ claims were barred by the statute of limitations, and the court granted the Appellees’ motion for summary judgment.
¶7. The circuit court also found the Starks’ allegation that the Appellees concealed Dr. Newell’s employment status from them was without merit. The circuit court noted that it was undisputed that the Starks were unaware of Dr. Newell’s employment status, but the court recognized that the Starks had an obligation to exercise due diligence to ascertain the proper defendants. Furthermore, the circuit court found no evidence that the Appellees engaged in any affirmative acts to withhold information from the Starks or to conceal Dr. Newell’s employment status.
¶ 8. The Starks timely appealed from the final order granting the motion for summary judgment for the Appellees.
STANDARD OF REVIEW
¶ 9. Whether or not a statute of limitations has run is an issue of law, and this Court -will review a grant or denial of a motion for summary judgment on such an issue under a de novo standard. Sutherland v. Estate of Ritter, 959 So.2d 1004, 1007(¶ 8) (Miss.2007). We must review all the evidence before us in a light most favorable to the party against whom the motion was made. Id. Summary judgment is appropriate “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law.” M.R.C.P. 56(c).
DISCUSSION
¶ 10. On appeal, the Starks argue that the circuit court erred in granting sum *903 mary judgment because the Appellees concealed Dr. Newell’s governmental employment status from them, and the Starks failed to discover the Appellees’ “carefully orchestrated misrepresentations” despite the fact that they had exercised due diligence. The Starks conclude that the Ap-pellees should have been estopped from asserting the protection of the one-year statute of repose under the MTCA because of the Appellees’ misrepresentations.
¶ 11. GLH was owned and operated by the City of Greenwood, Mississippi and Leflore County, Mississippi, which are political subdivisions of the State of Mississippi; therefore, GLH and its employees were entitled to the protections afforded by the MTCA. Miss.Code Ann. § 11-46-1 (Supp.2008). A person alleging tortious conduct by a governmental entity or its employee shall have one year from the alleged conduct to bring a claim against the entity or its employee. Miss.Code Ann. § 11-46-11(3) (Rev.2002). The Starks do not dispute that the MTCA governed their claim against Dr. Newell. They argue that because of the Appellees’ concealment of Dr. Newell’s employment status, Dr. Newell should not have been protected under the MTCA’s one-year statute of repose.
¶ 12. In Russell v. Williford, 907 So.2d 362, 365-66 (¶¶ 16-17) (Miss.Ct.App.2004), this Court affirmed the circuit court’s grant of a motion for summary judgment in a medical malpractice suit. This Court found that the plaintiffs had presented no facts evidencing that they had exercised due diligence or that the defendants -had engaged in any affirmative acts of concealment. Id.
¶ 13. Similar to Russell is the case of Ray v. Keith, 859 So.2d 995, 999(¶ 16) (Miss.2003), in which the supreme court affirmed the circuit court’s grant of a motion for summary judgment because the plaintiff had failed to file a claim within the statute of limitations provided for in the MTCA. In Ray, the supreme court noted that, as here, there was no evidence that the plaintiff made any inquiry into the employment status of the defendant. Id. at (¶¶ 15-16); see also Gould v. U.S. Dep’t of Health & Human Servs., 905 F.2d 738, 745 (4th Cir.1990) (holding that under the Federal Tort Claims Act, the burden was on the plaintiff to discover the employment status of the defendant). There was also no evidence of intentional delay or an attempt to mislead on the part of the defendant. Ray, 859 So.2d at 999(¶ 16).
¶ 14. In the present case, the circuit court found that the Starks had not exercised any due diligence to ascertain the employment status of Dr. Newell. Notwithstanding what the Starks may have believed, they never questioned Dr. Newell about his employer. The Starks argued that the bills they received instructed them to make payments to the Orthopedic Clinic, despite the fact that Irene had visited the Specialty Clinic. Apparently, the Starks overlooked the fact that the bills they had received were from a clinic that they never visited. The “superbills” that the Starks received also indicated that the Orthopedic Clinic was “A Member of the Greenwood Leflore Hospital Clinic Network.” The tagline further read: “The convenience of a clinic; the resources of a hospital.”
¶ 15. At the hearing on the motion to dismiss, the attorney for the Starks argued that the standard of due diligence that GLH argued in favor of was an impossible burden to place upon the Starks. However, from the facts in the record, it does not appear that the Starks would have satisfied any standard of due diligence. It appears that they proceeded with the present lawsuit completely on the assumption that Dr. Newell was a private *904 doctor, with no investigation whatsoever into his employment status. We note that Dr. Newell did not suddenly change his employment status; he had worked for the hospital for three years at the time he treated Irene. The Starks proceeded with their claim without looking into the matter, and they failed to even ask Dr. Newell whether he was a public or private doctor. Accordingly, we cannot agree that the Starks satisfied their burden of due diligence.
¶ 16. There was also no evidence that Dr. Newell, GLH, or the clinics engaged in any acts to conceal Dr. Newell’s employment status. Instead, all of the evidence indicates that the Starks undertook no investigation regarding this issue. The Ap-pellees made no affirmative representation that Dr. Newell was a private practice doctor. They also did not affirmatively mislead the Starks into believing that Dr. Newell was in private practice because no one ever questioned him concerning the issue. We agree with the circuit court and find that there was no evidence to support the Starks’ allegations that the Appellees attempted to conceal Dr. Newell’s employment status.
¶ 17. While this incident was unfortunate, section 11^16-11(3) is clear that the Starks should have filed their claim against Dr. Newell within one year of the alleged conduct. The Starks have shown no evidence that they exercised any due diligence to discover the employment status of Dr. Newell, nor have they presented any evidence that Dr. Newell, GLH, or the clinics misrepresented or attempted to conceal Dr. Newell’s employment status. Accordingly, we find that the circuit court was correct in ruling that the MTCA’s one-year statute of repose applied and that the Starks did not timely file their claim against the Appellees prior to the expiration of the one-year period. Therefore, we find that this issue is without merit.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF LEFLORE COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANTS.
KING, C.J., LEE AND MYERS, P.JJ., IRVING, GRIFFIS, ROBERTS, CARLTON AND MAXWELL, JJ., CONCUR. BARNES, J., NOT PARTICIPATING.