**IN THE SUPREME COURT OF MISSISSIPPI**

**NO. 97-CA-00209-SCT**

*JOE H. EZELL*

*v.*

*ROGER WILLIAMS, d/b/a TECHNICAL HALLMARK*
*ENTERPRISE*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/30/96 |
| TRIAL JUDGE: | HON. KATHY KING JACKSON |
| COURT FROM WHICH APPEALED: | JACKSON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | HARRIS BELL WILLIAMS |
| ATTORNEY FOR APPELLEE: | DAVID E. KIHYET |
| NATURE OF THE CASE: | CIVIL - CONTRACT |
| DISPOSITION: | AFFIRMED - 12/10/98 |
| MOTION FOR REHEARING FILED: | |
| MANDATE ISSUED: | 12/31/98 |

**EN BANC.**

**BANKS, JUSTICE, FOR THE COURT:**

¶1. In this action a creditor failed to bring suit to collect on a promissory note within the three year statute of limitations period. Because this Court finds that the record supports a finding that the debtor induced the creditor not to sue, we affirm the circuit court's ruling that the debtor was estopped from raising the statute of limitations as a defense.

**I.**

¶2. Joe Ezell and Roger Williams formed a partnership to operate a water purification and treatment business in Pascagoula, Mississippi on January 1, 1986. Their relationship continued until Ezell purchased Williams' share of the business with a $10,000 promissory note on July 24, 1987. The note matured on June 1, 1991. Ezell has yet to settle his debt.

¶3. Williams sued Ezell upon the note on May 5, 1995. The trial court judge found for Williams on April 22, 1996. The judge found that Ezell had offered to pay Williams the amount owed in exchange for

Williams' forbearance on the collection of the debt, and that such forbearance served as sufficient consideration for an enforceable contract. The court "alternatively" ruled that Ezell was estopped from denying "the effects of his words upon Williams and Williams' change in position in reliance thereon." The Jackson County Circuit Court affirmed this ruling on December 30, 1996. Aggrieved by this decision, Ezell perfects the present appeal.

## II.

¶4. Our familiar standard of review requires that when a trial judge sits without a jury, this Court will not disturb his factual determinations where there is substantial evidence in the record to support those findings. *Yarbrough v. Camphor,* 645 So.2d 867, 869 (Miss. 1994); *Omnibank of Mantee v. United S. Bank,* 607 So.2d 76, 82 (Miss. 1992). "'Put another way, this Court ought and generally will affirm a trial court sitting without a jury on a question of fact unless, based upon substantial evidence, the court must be manifestly wrong.'" *Yarbrough,* 645 So. 2d at 869 (quoting *Tricon Metals & Servs. v. Topp,* 516 So.2d 236, 238 (Miss. 1987); *Brown v. Williams,* 504 So.2d 1188, 1192 (Miss. 1987)). This Court must examine the entire record and accept that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact *Cotton v. McConnell,* 435 So.2d 683, 685 (Miss. 1983).

¶5. The factual question upon which this case turns is whether the debtor, Ezell, did or said anything which caused the creditor, Williams, to rely on the inducement and refrain from bringing suit to collect the debt. Not surprisingly, the parties herein have dissimilar interpretations of their discussions concerning payment of the promissory note. Their discussions were extremely informal and usually occurred at random over coffee at the gentlemen's customary early morning rendezvous. Ezell never expressly requested Williams' forbearance. And, Williams never formally advised Ezell that he was withholding suit. Nonetheless, Williams asserts that he and Ezell reached an agreement to forbear suit until Ezell could pay the note. Such an agreement, according to Williams, allowed him to avoid the three year statutory limitations period and preserved his right to sue Ezell for non-payment of the note. Ezell suggests, however, that no agreement to forbear suit on the note was ever reached, and that Williams should be forever barred from bringing suit due to the running of the limitations period.

¶6. The trial court found that the facts supported a finding that Ezell induced Williams not to sue. Accordingly, it ruled that Ezell was estopped from denying the effect of his words upon Williams and could not raise the statute of limitations as a defense to a suit upon the debt. *See Izard v. Mikell,* 173 Miss. 770, 775, 163 So. 498, 499 (1935) ("defendant will be estopped to set up the statute of limitations in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by the promise or representation that the statutory bar would not be interposed, or by inducing plaintiff to believe that an amicable adjustment of the claim will be made without suit, or by other forbearance to sue induced by defendant. . . .").

¶7. The question for this Court, therefore, is whether the record reasonably supports a finding for Williams, i.e., that Ezell induced him to refrain from filing suit. Here, there is substantial evidence in the record to support the trial court's factual determination that Williams refrained from suing Ezell on the money owed because of Ezell's promises that he would pay. Williams testified that he did not file suit sooner because "Joe [Ezell] told me in so many words, you know, 'don't do anything drastic, I'm going to pay you.'" Williams also testified that he made demand on Ezell to pay the note a number of times. And each time,

according to Williams, Ezell reassured him that he would pay him eventually. Ezell recalled their discussions as follows:

> A lot of times it wasn't even conversation. It was just a matter of "How you coming in your business?" I mean, he knew of all the debts I had absorbed because he was there when they were made. He also knew, I think very well, that I didn't have money to pay them. I think we both agreed that our investors were the first priority.

¶8. Additional testimony by Ezell similarly supports an inference that there was an understanding between the parties that Williams was holding off from filing suit in exchange for Ezell's promise that he would pay. During cross-examination of Ezell, the following exchange was had:

MR. KIHYET: But you both agreed he would give you more time to pay on that promissory note?

EZELL: Yeah, I always thought he would.

Q: Well, he did, didn't he?

A: He did until I got this notice that he was suing me.

Q: Well, it was on June 1, 1991.

A: Right.

Q: And he didn't sue you on that date did he?

A: No

Q: He sued you a few years later?

A: Correct.

Q: He did give you more time than what the note called for?

A: Right.

Q: And that was because of your representation to him that you would pay it as soon as you were able to, that's correct?

A: Yes.

This testimony reasonably supports the trial court's finding that Ezell made representations to Williams that he would pay the debt and that Williams reasonably relied upon these representations to his detriment. Therefore, the trial court properly determined that Ezell was estopped from raising the statute of limitations as a bar to the suit.

### III.

¶9. For the foregoing reasons, we affirm the judgment of the trial court.

¶10. **AFFIRMED.**

**PRATHER, C.J., SULLIVAN AND PITTMAN, P.JJ., McRAE, ROBERTS, SMITH, MILLS AND WALLER, JJ., CONCUR.**