871 So.2d 764 (2004)
Lucille HARBIN, Appellant
v.
CHASE MANHATTAN BANK, as Trustee, Appellee.
No. 2002-CP-02033-COA.
Court of Appeals of Mississippi.
April 20, 2004.
*765 Lucille Harbin, Appellant, pro se.
Gregory Moreau Johnston, Jackson, Lem G. Adams, Bradley P. Jones, Brandon, attorneys for appellee.
Before McMILLIN, C.J., LEE and MYERS, JJ.
LEE, J., for the Court.

PROCEDURAL HISTORY AND FACTS
¶ 1. On December 26, 1998, Lucille Harbin executed a deed of trust in favor of the Money Store on her house located at 808 Campbell Street in Winona, Mississippi. The deed was in the amount of $28,000 and was signed by Harbin before a notary public. The deed was recorded in the land records of the Chancery Clerk of Montgomery County shortly thereafter. On August 27, 2001, the deed of trust was assigned to Chase Manhattan Bank by the Money Store and recorded in the land records of Montgomery County. Lem Adams, III, was designated as trustee by Chase Manhattan.
¶ 2. In April 2002, Harbin became delinquent in her payments and Adams, as trustee for Chase Manhattan, initiated foreclosure proceedings against Harbin. On May 3, 2002, the property in question was offered for sale and Chase Manhattan, with a bid of $19,500, was the highest bidder. Adams executed a trustee's deed conveying the property to Chase Manhattan. On July 8, 2002, the Montgomery County Justice Court rendered a judgment in favor of Chase Manhattan, which Harbin later appealed to the Circuit Court of Montgomery County. After a hearing on November 18, 2002, the trial court entered a judgment in favor of Chase Manhattan, finding it to be the rightful owner of the property in question.
¶ 3. Harbin then wrote a letter to the supreme court, which was treated as a notice of appeal. After a number of extensions were obtained by Harbin, Chase Manhattan filed motions to dismiss and for sanctions on August 25, 2003. Harbin then filed a letter which was entitled "motion for a hearing." By order dated September 19, 2003, the supreme court accepted Harbin's letter as her brief, but denied her motion for a hearing and denied Chase Manhattan's motions to dismiss and for sanctions. The case was assigned to this Court by the supreme court.
*766 ¶ 4. Harbin's issues on appeal are as follows: she was deprived of her right to a fair hearing, she never signed the deed of trust, the court lacked jurisdiction, the deed was fraudulently acquired, the justice court judge was not competent to hear the case, and a mistake was made in the contract.

DISCUSSION OF ISSUES
¶ 5. When a trial judge sits without a jury, our standard of review requires that we regard his findings with the same deference as those made by a chancellor. Par Industries, Inc. v. Target Container Co., 708 So.2d 44(¶ 4) (Miss.1998). Furthermore, this Court will not disturb a trial judge's factual determinations where there is substantial evidence in the record to support those findings. Id. "This Court must examine the entire record and accept that evidence which supports or reasonably tends to support the findings of fact made below, together with all reasonable inferences which may be drawn therefrom and which favor the lower court's findings of fact." Ezell v. Williams, 724 So.2d 396(¶ 4) (Miss.1998).
¶ 6. First, we note that almost every issue Harbin raises in her brief was not raised before the trial court. It is well-settled that an issue not raised before the lower court and only raised for the first time on appeal is deemed waived and procedurally barred. Mississippi Dept. of Transp. v. Trosclair, 851 So.2d 408(¶ 19) (Miss.Ct.App.2003). As the only issue raised at the trial level concerned a mistake in the description of property on the deed of trust, we decline to address the other issues. Regardless of this bar, however, we do find that Harbin has failed to produce any evidence in the record or otherwise to support her contentions that she was deprived of a right to a fair trial; she never signed the deed of trust; the trial judge did not have jurisdiction over the matter; there was a fraudulent acquisition of the deed; and the justice court judge was incompetent to hear the matter. We are not persuaded by mere assertions which are unsupported by the record.
¶ 7. At the November 18, 2002, hearing, the trial judge stated that he had discussed the matter and the issues with Harbin and Chase Manhattan's attorney in his chambers prior to the hearing. The trial judge stated Harbin's contention that the deed was erroneous was a matter for the chancery court. The trial judge further stated that the only issue he could decide was whether there was a valid foreclosure sale. After finding that the foreclosure sale was valid, the trial judge addressed Harbin, asking her if she understood his ruling. Harbin responded affirmatively. The trial judge found the sale of the property to be valid "unless that sale is set aside by some other court, that being Chancery Court." We find that there was substantial evidence for the trial judge to find that the foreclosure sale was valid. Furthermore, Harbin had the chance to respond on the record, but she chose not to. We fail to find error in the trial judge's ruling; thus, we affirm.
¶ 8. THE JUDGMENT OF THE MONTGOMERY COUNTY CIRCUIT COURT IS AFFIRMED. COSTS OF THIS APPEAL ARE TAXED TO THE APPELLANT.
McMILLIN, C.J., KING AND SOUTHWICK, P.JJ., BRIDGES, THOMAS, MYERS, CHANDLER AND GRIFFIS, JJ., CONCUR. IRVING, J., CONCURS IN RESULT ONLY.