IRVING, J.,
for the Court.
¶ 1. Woodard E. Moody, Jr. hired Cheryl Kay Robertson to do some wallpapering for him. While wallpapering, Robertson fell off a ladder which Moody had provided for her to use during the wallpapering job. Thereafter, she filed a negligence action against Moody, alleging that she suffered injuries as a result of his failure to provide her with a safe working area and equipment to do the wallpapering job. Moody filed an answer and a motion to dismiss which was converted into a motion for summary judgment. In both his answer and motion to dismiss, Moody pleaded the statute of limitations as a bar to Robertson’s suit.
¶ 2. The circuit court granted summary judgment on Moody’s behalf, and Robertson now appeals, alleging that the grant of summary judgment was improper for two reasons. First, Moody failed to raise the statute of limitations as an affirmative defense as required by Rules 8 and 12 of the Mississippi Rules of Civil Procedure. Second, Moody was equitably estopped from raising the statute of limitations because of the actions of his agent, State Farm Insurance Company, in misleading Robertson not to file suit.
¶ 3. We find no error in the decision of the circuit court; therefore, we affirm.
FACTS
¶ 4. On August 31, 1999, while Robertson was doing some wallpapering for Moody, she slipped and fell off a ladder provided to her by Moody. At the time of the accident, Moody had an insurance policy with State Farm Insurance Company. State Farm was promptly notified of Robertson’s claim. In an October 17, 1999 correspondence to Robertson, State Farm notified her that it found no negligence on the part of its insured, Moody, but that it would pay $1,000 in medical coverage regardless of negligence.
¶ 5. Following the October 17 letter, a series of letters were sent between Robertson’s attorney and State Farm. On February 4, 2000, State Farm contacted Robertson’s attorney in regard to obtaining medical information. On January 4, 2001, State Farm again contacted Robertson’s attorney. This time it sought a statement of facts from Robertson and all medical documents relating to Robertson’s injuries. On April 17, 2001, Robertson’s attorney provided State Farm with Robertson’s statement and informed State Farm that all medical claims and bills had been provided. On April 19, 2001, State Farm confirmed receipt of Robertson’s statement but denied receipt of any medical records or bills. On October 26, 2001, Robertson’s attorney again forwarded medical bills and medical records to State Farm.
¶ 6. On January 16, 2002, State Farm paid Robertson $1,000 but stated that it was still evaluating the liability of the claim and requested a recorded statement from Robertson. On January 23, 2002, Robertson’s attorney notified State Farm that Robertson agreed to make a recorded statement, and on January 31, 2002, State Farm took a recorded statement from Robertson. On June 13, 2002, State Farm notified Robertson’s attorney that they were still in the process of completing their evaluation of liability.
¶ 7. On August 27, 2002, Robertson’s attorney contacted State Farm regarding the determination of liability. State Farm’s response was dated August 29, 2002, and was received by Robertson’s attorney on August 31, 2002. In its August 29, 2002 letter, State Farm informed Robertson’s attorney that it did not find any liability on the part of its insured. Robert *789 son filed her complaint against Moody on October 30, 2002.
STANDARD OF REVIEW
¶ 8. The law is well settled with regard to the grant or denial of summary judgment. Summary judgment is proper “if the pleadings, depositions, answers to interrogatories and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law.” M.R. C.P. 56(c). “All that is required of an opposing party to survive a motion for summary judgment is to establish a genuine issue of material fact by the means available under the rule.” Lowery v. Guaranty Bank and Trust Co., 592 So.2d 79, 81 (Miss.1991) (citing Galloway v. Travelers Ins. Co., 515 So.2d 678, 682 (Miss.1987)).
¶ 9. This Court conducts a de novo standard of review of orders granting summary judgment and looks at all the evidence before it, viewing the evidence in the light most favorable to the non-moving party. Russell v. Orr, 700 So.2d 619, 622(¶ 8) (Miss.1997).
ANALYSIS AND DISCUSSION OF THE ISSUES
¶ 10. Robertson first argues that it was improper for Moody to raise the affirmative defense of statute of limitations by motion for summary judgment. Robertson contends that Rule 8(c) clearly sets forth that the defense of statute of limitations is an affirmative defense which must be set forth in responsive pleadings. Robertson also contends that Rule 12(b) requires every defense to be asserted in responsive pleadings, except the seven which may be made by motion, and the statute of limitations defense is not one of the seven defenses which may be made by motion.
¶ 11. Robertson maintains that the question of whether or not a suit is barred by the statute of limitations is a question for the jury. In support of this argument Robertson cites Smith v. Sanders, 485 So.2d 1051 (Miss.1986).
1M2. Robertson’s interpretation of Smith is incorrect. In Smith, the Mississippi Supreme Court recognized that the statute, of limitations defense is proper for summary judgment.
Occasionally the question of whether the suit is barred by the statute of limitations is a question of fact for the jury; however, as with other putative fact questions, the question may be taken away from the jury if reasonable minds could not differ as to the conclusion. See Gulfport Fertilizer Co., 114 Miss, at 258-59, 75 So. at 113-14. Consistent with the Mississippi Rules of Civil Procedure, we are of the opinion that the question of the running of the statute of limitations to bar an action may also be the subject of a summary judgment if there exists no genuine issues of material fact concerning the question.
Smith, 485 So.2d at 1053.
We find that the defense of statute of limitations is proper for summary judgment. Moreover, contrary to Robertson’s assertion, the record reveals that Moody did plead the statute of limitations in his answer to her complaint. This issue is without merit.
¶ 13. Robertson next argues that Moody is equitably estopped from raising the statute of limitations defense because of the actions of Moody’s insurance carrier, State Farm, in misleading Robertson not to file suit.
*790 ¶ 14. The Mississippi Supreme Court has held that the elements of equitable estoppel are as follows:
Conduct and acts, language or silence, amounting to a representation or concealment of material facts, with knowledge or imputed knowledge of such facts, with the intent that representation or silence, or concealment be relied upon, with the other party’s ignorance of the true facts, and reliance to his damage upon the representation or silence. The burden of establishing -the elements of an estoppel is on the party asserting the estoppel. The existence of the elements of an estoppel must be' established by the preponderance of the evidence.
Mississippi Department of Public Safety v. Stringer, 748 So.2d 662, 665(¶ 12) (Miss.1999) (quoting Chapman v. Chapman, 473 So.2d 467, 470 (Miss.1985)).
¶ 15. Robertson, citing Izard v. Mikell, 173 Miss. 770, 163 So. 498 (1935) and Ezell v. Williams, 724 So.2d 396 (Miss.1998), maintains that the doctrine of estoppel can be applied to bar a defendant from raising the statute of limitations as a defense where the defendant’s actions lulled the plaintiff into not filing suit. Robertson then lists four examples of how Moody’s insurer, State Farm, allegedly mislead her to refrain from exercising her right to sue. First, Robertson notes that she received two letters from State Farm dated October 17, 1999. In the first letter, State Farm informed Robertson that it needed to talk to her about her claim. In the second letter, State Farm informed Robertson that it found no negligence but offered medical payments. Robertson points out that there would be no need to contact her about her claim if there had already been a determination of no negligence. Second, State Farm contacted Robertson’s attorney on three separate occasions over a period of two years to obtain additional information. Third, State Farm assured Robertson’s attorney in letters dated January 16, 2002, and June 13, 2002, that the claim was still being evaluated. Lastly, State Farm sent a letter denying liability two days prior to the date of the running of the statute of limitations.
¶ 16. Moody counters that its insurer, State Farm, in its October 17, 1999 correspondence to Robertson which clearly denied any negligence on the part of its insured, Moody. Moody contends that the two cases, Izard and Ezell, are distinguishable from the instant case and are not applicable.
¶ 17. In Izard, the court found that estoppel applied to allow a foreclosure sale to proceed, even though the statute of limitations had expired, where the debtor had promised if foreclosure was not instituted he would renew the promissory note. Izard, 173 Miss, at 771-72, 163 So. at 499-500.
¶ 18. In Ezell, the court found that estoppel applied to toll the statute of limitations on a suit on a promissory note because the debtor promised he would pay if the creditor would hold off on filing suit. Ezell, 724 So.2d at 398(¶ 18).
¶ 19. However, in this case, unlike Izard and Ezell, there were no promises made by State Farm to Robertson which would have induced Robertson not to timely exercise her right to sue. State Farm in its October 17, 1999 letter to Robertson clearly stated that it found no negligence on the part of its insured, Woodard E. Moody, Jr. State Farm did not retreat from this position in any other correspondence, and there is nothing in the record which suggests that State Farm made any statement that it would pay the claim. Neither did State Farm ever request that suit not be filed. We find that there has been no conduct of bad faith by State *791 Farm which would estop Moody from claiming the statute of limitations defense.
¶ 20. Furthermore, the Mississippi Supreme Court has held that good faith negotiations or correspondence between an insurance company and a claimant alone do not toll or waive a statute of limitations. Stringer, 748 So.2d 662, 667(¶20) (Miss.1999). Thus, the correspondence between State Farm and Robertson’s attorney cannot be interpreted to mean that State Farm changed its position or that State Farm waived the statute of limitations. Robertson has also failed to offer a reason for why she waited two months to file her suit when she knew that the statute of limitations expired on August 31, 2002. Accordingly, we find that Robertson has failed to prove the elements of equitable estoppel by a preponderance of the evidence.
¶ 21. THE JUDGMENT OF THE WINSTON COUNTY CIRCUIT COURT IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., MYERS, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ., CONCUR.