RUSSELL, J.,
for the Court:
¶ 1. Hovas Construction Inc. (Hovas) appeals the judgment of the Washington County Circuit Court awarding $19,500 in liquidated damages to the Board of Trustees of Western Line Consolidated School District (School District) due to Hovas’s failure to complete a construction project by the agreed-upon deadline. Hovas argues that the circuit court erred by: (1) finding the liquidated-damages provision of the contract enforceable when it was an unreasonable pre-estimation of damages, was generally unreasonable, and thus constituted a penalty; (2) holding that the *665 School District had suffered actual damages; and (B) awarding liquidated damages to the School District. We find no error and affirm the circuit court’s judgment.
FACTS AND PROCEDURAL HISTORY
¶ 2. Hovas and the Board of Trustees of Western Line Consolidated, a governmental entity located in Avon, Mississippi, entered into a construction contract on December 10, 2007. The contract was for the installation of gym windows, the renovation of existing restroom facilities, and an addition to a building at O’Bannon High School in Washington County, Mississippi. The contract price was $450,000. The contract included a provision for substantial completion of the building no later than June 6, 2008. The final completion of the project was slated on or before July 6, 2008.The contract also included a provision for liquidated damages, which specified a rate of $500 per day for each day the project went beyond the completion date.
¶ 3. Hovas began work on the school project and completed the replacement of windows with no problem. However, there was a glitch in the erection of the steel building. The parts for the steel building were placed on hold by Ruffin Building Systems and were not delivered to the job site until May 5, 2008. The steel building was erected on May 22, 2008. Other repairs such as the block work, brick work, and interior work for another building were completed on July 15, 2008. On July 15, 2008, the architect presented the School District with the notice of substantial completion, and the buildings were turned over to the School District. No notice of final completion of the project was submitted to the School District.
¶4. On June 12, 2008, the School District voted to enforce the liquidated damages provision of the contract because Ho-vas did not complete the project by the dates specified in the contract.
¶ 5. The School District experienced various problems with the buildings. The plumbing in the restrooms that Hovas constructed became backed up, rendering the restrooms unusable. Hovas was called to fix the problems, but the problems were never fixed. The School District hired RH Plumbing to find and repair the plumbing problems. RH Plumbing determined that the sewer pipes were the source of the problems and completed repairs in July 2009. The School District was required to pay RH Plumbing $9,872.45 for the plumbing work. Prior to the repairs, students of O’Bannon High School were also forced to leave the new buildings and go to other buildings to use the restrooms, causing disruptions to the school environment.
¶ 6. The School District paid Hovas all payments with the exception of $21,750.76, which included $19,500 withheld as liquidated damages. Hovas then filed an action seeking recovery of the $19,500 withheld. The Circuit Court of Washington County found the liquidated damages provision of the contract reasonable and enforceable, and that the School District suffered actual damages. On November 8, 2010, the circuit court awarded the School District liquidated damages of $19,500. Hovas timely appealed to this Court.
STANDARD OF REVIEW
¶ 7. “In bench trials, a circuit judge’s findings are subject to the same standard of review as those of a chancellor.” Transocean Enterprise, Inc. v. Ingalls Shipbuilding, Inc., 33 So.3d 459, 462 (¶ 7) (Miss.2010) (quoting Univ. of Miss. Med. Ctr. v. Pounders, 970 So.2d 141, 145 (¶ 11) (Miss.2007)). “Our familiar standard of review requires that when a trial judge sits without a jury, this Court will *666 not disturb his factual determinations where there is substantial evidence in the record to support those findings.” Id. (quoting Ezell v. Williams, 724 So.2d 396, 397 (¶ 4) (Miss.1998)). “This Court ought [to] and generally will affirm a trial court sitting without a jury on a question of fact unless, based upon substantial evidence, the court must be manifestly wrong.” Id. (quoting Yarbrough v. Camphor, 645 So.2d 867, 869 (Miss.1994)). “This Court, however, reviews questions of law de novo.” Id. (citing Howard v. Estate of Harper ex rel. Harper, 947 So.2d 854, 856 (¶5) (Miss.2006)).
DISCUSSION
I. Whether the circuit court erred in holding the liquidated-damages provision of the contract was reasonable, enforceable, and not a penalty.
¶ 8. Hovas argues that the circuit court erred when it found the liquidated-damages provision of the contract enforceable. Hovas argues that this provision is not a reasonable pre-estimation of the damages nor a reasonable estimate of actual damages that would be incurred by the School District upon late completion of the project. Hovas contends the provision is nothing more than a penalty.
¶ 9. It is undisputed that both parties were aware of the liquidated-damages provision in the contract. Liquidated-damages clauses are common in construction contracts. Typically the clauses set out the amount that the contractor will pay per day for not completing the project as set out in the contract. The purpose of a liquidated-damages clause is to affix actual damages flowing from a potential breach. See PYCA Indus., Inc. v. Harrison Cnty. Waste Water Mgmt. Dist., 177 F.3d 351, 368 (5th Cir.1999).
¶ 10. In this case, both parties consented to the liquidated-damages provision at the time the contract was made. According to Mississippi law, the intention of the parties will control to determine whether a provision of a contract is for liquidated damages or for a penalty. Cont’l Turpentine & Rosin Co. v. Gulf Naval Stores Co., 244 Miss. 465, 485, 142 So.2d 200, 209 (1962).
¶ 11. “Equity will enforce a contract for liquidated damages if such liquidated damages can be found to be reasonable and proper in the light of the circumstances of the case.” Maxey v. Glindmeyer, 379 So.2d 297, 301 (Miss.1980). Often parties agree to the payment of liquidated damages in circumstances where it is difficult to predict actual damages that may result from a breach. Brown v. Staple Cotton Coop. Ass’n, 132 Miss. 859, 96 So. 849, 856-57 (1923). “[A]n agreement for liquidated damages will be held valid[] ‘in the absence of any evidence to show that the amount of damages claimed is unjust or oppressive, or that the amount claimed is disproportionate to the damages that would result from the breach or breaches of the several covenants of agreement.’ ” Wood Naval Stores Export Ass’n v. Latimer, 220 Miss. 652, 667, 71 So.2d 425, 431 (1954) (quoting Tobacco Growers’ Coop. Ass’n v. Jones, 185 N.C. 265, 117 S.E. 174, 183 (1923)).
¶ 12. Hovas has offered no proof to show the amount provided for in the liquidated-damages provision of the contract was unjust or oppressive or that the amount claimed is disproportionate to the damages. Hovas only argues, without evidence, that there was no pre-estimation of damages by the School District to calculate the liquidated-damages amount. However, Mississippi law does not require such *667 evidence of a pre-estimation, only that the amount be reasonable and proportionate.
¶ 13. The Restatement of Contracts (First) provides an illustration of this situation:
A contracts to build a grandstand for B at B’s race course, for $130,000, to have it completed by a certain date, and to pay $100 per day for every day’s delay beyond that date in completing the stand. The sum promised for delay is liquidated damages and not a penalty. If completion is 10 days late, B’s recoverable damages are $1000. Evidence that B could not have used the grandstand for spectators during the period of delay is not sufficient to show that the delay caused no injury or that the harm is capable of accurate estimation.
¶ 14. In this case, Hovas and the School District contracted for Hovas to finish the project on a certain date. If the project was not completed by the agreed date, the School District could recover damages of $500 per day. The trial court found the completion date for Hovas to be July 15, 2008, thirty-nine days after the substantial completion date of June 6, 2008, set by the contract. At the contractual rate of $500 per day, the thirty-nine days of delay equals $19,500 in liquidated damages. Ho-vas was aware of the liquidated-damages provision and what would happen if the project was not completed on time. Hovas agreed to the liquidated-damages provision, and the amount is not unreasonable or disproportionate to the total contract price of $450,000. Thus, we find this issue to be without merit.
¶ 15. We also agree with the circuit court’s finding that the general nature of the liquidated damages clearly supports the assessment in accordance with the terms of the contract. The amount of damages is reasonable and proportionate to the overall costs of the project and does not constitute a penalty. Thus, the circuit court did not err in awarding liquidated damages to the School District as argued by Hovas in their appeal.
II. Whether the circuit court erred in finding that the School District suffered actual damages.
¶ 16. Hovas next argues that the circuit court erred in finding that the School District suffered actual damages. However, the issue of actual damages does not have an impact on the amount of the liquidated damages to which the School District is entitled. In fact, “parties [will] agree to the payment of liquidated damages where it is difficult to determine actual damages, resulting from a breach.” Bd. of Trs. of State Insts. of Higher Learning v. Johnson, 507 So.2d 887, 890 (Miss.1987). A liquidated-damages provision of a contract is present to account for actual damages that cannot be foreseen at the time of the making of the contract. A liquidated-damages provision will be enforceable unless: (1) “the actual damage resulting from the breach may be readily ascertained”; or (2) “the contract discloses no intention to fix the sum as liquidated damages or leaves the intention in this regard in doubt.” PYCA 177 F.3d at 367. In this case, the damages that the School District would suffer if Hovas did not complete the project on time were not readily ascertainable. It is difficult to award nominal damages for things such as disruption of the school environment.
¶ 17. The liquidated damages were to compensate the School District for Hovas’s failure to comply with the contract and complete the project by the agreed-upon date. The circuit court never awarded any nominal damages for any actual damages the School District suffered. The circuit judge merely mentioned actual damages in support of its finding that the contracted *668 amount for liquidated damages was a reasonable estimate of actual damages. Finding no error, we affirm.
¶ 18. THE JUDGMENT OF THE CIRCUIT COURT OF WASHINGTON COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO APPELLANT.
LEE, C.J., IRVING, P.J., AND FAIR, J., CONCUR. MAXWELL, J., SPECIALLY CONCURS WITH SEPARATE WRITTEN OPINION, JOINED BY ROBERTS AND FAIR, JJ. ROBERTS, J., CONCURS IN PART WITHOUT SEPARATE WRITTEN OPINION. GRIFFIS, P.J., DISSENTS WITH SEPARATE WRITTEN OPINION, JOINED BY BARNES, ISHEE AND CARLTON, JJ.