## Izard *et al.* *v.* Mikell *et al.*

(Division B.   Oct. 14, 1935.)

[163 So. 498.   No. 31823.]

C. E. Gibson, of Monticello, for appellants.

**H. M. McIntosh**, of Collins, for appellees.

**Ethridge, P. J.,** delivered the opinion of the court.

On or about February 5, 1926, Mary D. Izard and her husband, appellants, conveyed to the appellee, Elion Mikell, a certain tract of land, taking a deed of trust thereon to secure the purchase price. The deed of trust matured in 1927, and nothing had been paid upon the purchase price. Mikell and his wife had lived upon the property for a number of years, prior to the conveyance, as tenants of the appellants, and from year to year had given deeds of trust upon the crops grown to secure advances made for supplies, fertilizer, etc., which had been, by course of dealing, renewed from time to time.

Some months prior to the date when the statute of limitations would bar the note and deed of trust, the husband of the appellant, as her agent, approached the appellees about paying the paper off, or executing a new deed of trust, which the appellees agreed to do.. Several interviews took place prior to the expiration period, and the husband of the appellant suggested that if the payment was not met, or renewal papers executed, the deed of trust would be foreclosed as the statute of limitations was about to run against the same.

The appellees assured the appellant's agent that foreclosure would not be necessary; that they had never refused to execute new papers when unable to pay, and the proof shows that, through a long course of dealing, the appellees had executed papers in conformity to verbal agreements, and there had never been any question about so doing, although many times the appellees had not promptly met the payments, but had given reasons for delay, and had assured the appellant that it would not be necessary to foreclose. These promises had been made before and after the statute of limitations had begun to run against the debt, and after the statute had run against the debt, it appeared to be barred, and then the appellee agreed to renew and to bring his wife over on the following day to execute new papers. These papers were, therefore, prepared, and a notary public brought, but the appellees failed to come, and afterwards refused to renew the deed of trust here involved.

Suit was brought in the chancery court of Jefferson Davis county to foreclose, and the bill set up that the appellees had, by their promises and acts above set forth, practiced fraud upon the appellants, and that by reason of their conduct, they should not be allowed to plead the statute of limitations, and prayed for a vendor's lien to be established upon the land, and for a decree of foreclosure to pay the purchase money evidenced as above stated.

The testimony of the appellants was as above stated. The appellees offered no testimony, but rested the case on the appellants' submission of the evidence, and the chancellor decreed that, in his opinion, the case is controlled by Wilson v. Wilson, 166 Miss. 369, 146 So. 855, and dismissed the bill, from which decree this appeal is prosecuted.

We are of the opinion that the case at bar is not controlled by the Wilson case, supra, and that the conduct of appellees above set forth is sufficient to cause estoppel, regardless of whether the appellees intended, at the time, to execute a new deed of trust and note. The facts are sufficient for the drawing of an inference of an undisclosed intention not to renew after the statute should have run, but it is not necessary to rely upon that conclusion in this case. Estoppel in pais only arises when there is manifest inequity, and such injustice as to require its application. The principles on which the doctrine of estoppel rests is that it would be a fraud in a party to assert what his previous conduct had denied, when, on the faith of that denial, others have acted. Staton v. Bryant, 55 Miss. 261. Estoppel by conduct arises from an act or declaration of a person intended or calculated to mislead another, on which that other has relied, and has so acted, or refrained from acting, as that injury will befall him if the truth of the act or declaration be denied. Staton v. Bryant, supra.

A vendor of standing timber, who participates in, agrees to, and acquiesces in the assignment of a timber contract by vendee to a third party, is estopped to assert its nonassignability. Young v. Adams, 122 Miss. 1, 84 So. 1.

As applied to the time of the setting up of the statute of limitations, in 10 R. C. L., page 835, sec. 139, it is said: "But the great weight of authority supports the rule that an agreement or promise, whether oral or written, by a debtor not to plead the statute of limitations,

made before the expiration of the statutory period, and relied upon by the creditor until after the statutory period has expired, operates as an estoppel in pais as against the debtor, and precludes him from interposing the defense of the statute."

In 37 C. J., p. 725, sec. 44, it is stated that: "In a few jurisdictions it is held that a person cannot be debarred by an equitable estoppel from availing himself in a court of law of the statute of limitations, although appropriate and adequate relief under such circumstances may be afforded plaintiff by an application to the court of chancery for injunction, and statements and conduct by a defendant in a suit in equity may estop him from setting up the statute of limitations. But the prevailing rule is that the doctrine of equitable estoppel may, in a proper case, be invoked to prevent defendant from relying upon the statute of limitations, it being laid down as a general principle that, when a defendant electing to set up the statute of limitations has previously, by deception or any violation of duty towards plaintiff, caused him to subject his claims to the statutory bar, he must be charged with having wrongfully obtained an advantage which the court will not allow him to hold. Thus defendant will be estopped to set up the statute of limitations in bar of plaintiff's claim when the delay which would otherwise give operation to the statute has been induced by the promise or representation that the statutory bar would not be interposed, or by inducing plaintiff to believe that an amicable adjustment of the claim will be made without suit, or by other forbearance to sue induced by defendant, or by defendant's husband as her agent. And the same rule has been applied where defendant has caused plaintiff to subject his claim to the statutory bar by procuring an injunction against its enforcement, although, it has been held that the procuring of an injunction did not constitute an estoppel, and that, unless the statute so provides, a cause is not

saved from limitation during the time of the operation of an injunction, especially if the party pleading the statute was in no sense an actor in procuring the injunction. And estoppel of a party is operative against his privies in estate."

We think these principles apply to the case at bar, and that the chancellor should have entertained the bill and directed the sale of the property, and should have applied the doctrine of estoppel to prevent the running of the statute of limitations. In other words, that the defendant could not avail himself of the statute of limitations, since, by his conduct, he assured the appellants that if foreclosure proceedings were not instituted, he would renew the papers, and that it was needless to incur the cost of foreclosure.

The judgment of the court below, therefore, will be reversed, and judgment entered here for the appellants directing the trustee to proceed to foreclosure the deed of trust according to its terms.

Reversed, and judgment here for appellants.