## IN THE SUPREME COURT OF MISSISSIPPI
### NO. 1999-CA-00683-SCT

*SUSAN TROSCLAIR AND BRIDGET TROSCLAIR BAILES*

*v.*

*MISSISSIPPI DEPARTMENT OF TRANSPORTATION*

| | |
|---|---|
| DATE OF JUDGMENT: | 12/04/1998 |
| TRIAL JUDGE: | HON. KOSTA N. VLAHOS |
| COURT FROM WHICH APPEALED: | HARRISON COUNTY CIRCUIT COURT |
| ATTORNEYS FOR APPELLANTS: | LAMPTON O'NEAL WILLIAMS, JR. |
| | ANNE MARIE PARKER |
| ATTORNEY FOR APPELLEE: | PATRICK R. BUCHANAN |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | REVERSED AND REMANDED - 2/24/2000 |
| MOTION FOR REHEARING FILED: | 3/7/2000; denied 5/4/2000 |
| MANDATE ISSUED: | 5/11/2000 |

## BEFORE PITTMAN, P.J., BANKS AND MILLS, JJ.

## PITTMAN, PRESIDING JUSTICE, FOR THE COURT:

### STATEMENT OF THE CASE

¶1. This is an appeal from a grant of summary judgment by the Circuit Court of the First Judicial District of Harrison County, Mississippi, Circuit Judge Kosta N. Vlahos, presiding. Susan Trosclair (Trosclair) and Bridget Trosclair (Bailes) filed their notice of claim and complaint against the Mississippi Department of Transportation (MDOT) on March 3, 1995. The circuit court entered a judgment and an opinion granting MDOT's second motion for summary judgment on December 4, 1998. Pursuant to M.R.A.P. 4(h), Trosclair and Bailes filed a motion and were granted an order reopening time for appeal, giving them fourteen additional days from the date on which the order was entered, April 1, 1999. Their notice of appeal was timely filed on April 12, 1999.

### STATEMENT OF THE FACTS

¶2. Trosclair and Bailes were injured in a one-car accident on December 3, 1993, when their car left the roadway on U.S. Highway 49 in Harrison County, Mississippi. This section of highway was under construction at the time of the accident. Trosclair and Bailes subsequently retained the services of an attorney, L. O'Neal Williams, Jr. (Williams). Within several months of the accident, Williams contacted the MDOT and spoke with Cindy Irby who informed Williams that the road work was done by a private contractor, not the MDOT. After investigation, Williams again contacted the MDOT on March 3, 1995.

Williams spoke to Ricky Lee who informed Williams that the work had been done by the MDOT.

¶3. Realizing that one year and ninety days had passed since the injury, Trosclair and Bailes filed a complaint on March 3, 1995. The MDOT then filed a motion to dismiss for failure to file the notice of claim ninety days prior to filing the suit and for failing to file the cause of action within one year of the date of the injury. Trosclair and Bailes subsequently filed an amended complaint detailing their efforts to ascertain whether the MDOT was involved and alleging that misrepresentations were made by the MDOT concerning its involvement.

¶4. On October 11, 1995, the MDOT filed its first motion for summary judgment, addressing notice, estoppel, limitations and constitutionality of the Mississippi Tort Claims Act, Miss. Code Ann. §§ 11-46-1 et seq. (Supp. 1999). The affidavit of Cindy Irby was attached to this motion. Trosclair and Bailes filed a motion for partial summary judgment on November 25, 1995, requesting a finding that the notice of claim and complaint were timely filed since it was admitted in Cindy Irby's affidavit that she supplied erroneous information to Williams. Trosclair and Bailes contend that they relied upon this information to their detriment.

¶5. Briefs were filed and on January 16, 1996, the circuit court entered an order finding as follows:

> 1. Defendant's Motion to Dismiss, filed March 16, 1995, is hereby denied. The Court finds that Plaintiffs should not be precluded from suit considering the misrepresentations by Defendant which led Plaintiffs to believe their suit would not lie under the Tort Claims Act.

> 2. Plaintiff's Motion for Partial Summary Judgment, filed November 25, 1995, is granted. The Court concludes that the notice of claim and complaint were timely filed by Plaintiffs, and they are entitled to judgment as a matter of law on those issues. The Court finds that Plaintiffs were misled by Defendant's employee who informed them Defendant was not responsible for the highway project in question.

> 3. Plaintiff's Motion for Leave to File First Amended Complaint, filed September 29, 1995, is granted.

> 4. Defendant's Motion for Summary Judgment as to issues of Notice, Estoppel, Limitations, and Constitutionality of Tort Claims Act, filed October 11, 1995, is denied.

¶6. On January 22, 1996, the MDOT filed a motion to allow interlocutory appeal. The lower court denied this motion. The MDOT's petition for interlocutory appeal was subsequently denied by this Court on June 5, 1996.

¶7. The two sides began discovery and continued that process until the MDOT filed its second motion for summary judgment based upon the affidavits of Cindy Irby and Bob Robinson, head of the MDOT. The circuit court granted the MDOT's second motion for summary judgment and entered an opinion stating:

> Notice was filed more than one year after the accident and after the one year statute of limitations had expired. Miss. Code Ann. § 11-46-11. The notice requirements of the Tort Claims Act are jurisdictional. In the case at bar the plaintiffs did not comply with the notice requirement. *City of Jackson v. Lumpkin*, 697 So.2d 1179 (Miss. 1997); and *Carpenter v. Dawson and the City of Southhaven*, 701 So.2d 806 (Miss. 1997). The requisite notice was not sent prior to the filing of the

lawsuit or within the one year statute of limitations for actions falling within the reach of the Act.

The plaintiff's argument that equitable estoppel should bar the defense of statute of limitations failed in light of the recent Supreme Court decisions. *Id.* For these reasons, summary judgment is appropriate and should be granted. A judgment consistent with this opinion will be entered by the Court.

Trosclair and Bridget subsequently appealed to this Court.

## STATEMENT OF THE ISSUES

**I. WHETHER THE TRIAL COURT ERRED IN FAILING TO FOLLOW IT PRIOR ORDER DATED JANUARY 16, 1996, GRANTING THE PLAINTIFF'S MOTION FOR PARTIAL SUMMARY JUDGMENT AND CONCLUDING THAT THE NOTICE OF CLAIM AND COMPLAINT WERE TIMELY FILED BY THE PLAINTIFFS AND SPECIFICALLY FINDING THAT THE PLAINTIFFS WERE MISLED BY DEFENDANT'S EMPLOYEE WHO INFORMED THE PLAINTIFFS THAT THE DEFENDANT WAS NOT RESPONSIBLE FOR THE HIGHWAY PROJECT IN QUESTION.**

**II. WHETHER THE TRIAL COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE THE PLAINTIFFS SUBSTANTIALLY COMPLIED WITH THE NOTICE REQUIREMENT OF THE MISSISSIPPI TORT CLAIMS ACT AND SUIT WAS FILED WITHIN ONE YEAR AND NINETY-FIVE DAYS FROM THE DATE OF THE COLLISION.**

**III. WHETHER THE LOWER COURT ERRED IN GRANTING THE DEFENDANT'S MOTION FOR SUMMARY JUDGMENT BECAUSE GENUINE MATERIAL ISSUES OF FACT EXIST.**

## DISCUSSION

¶8. The Court shall not address the issues raised by the plaintiffs. The circuit court based its decision to grant the MDOT's motion for summary judgment upon the holdings of *City of Jackson v. Lumpkin*, 697 So.2d 1179 (Miss. 1997) and *Carpenter v. Dawson*, 701 So.2d 806 (Miss. 1997), which announced a rule of strict compliance concerning suits arising under the Mississippi Tort Claims Act. Under the rule of strict compliance the circuit court properly found that equitable estoppel failed in the instant case. Although the circuit court was correct in its application of the law, the law has since been changed.

¶9. *Lumpkin* and *Carpenter*, as they pertained to the rule of strict compliance, were contradicted in *Reaves ex rel. Rouse v. Randall*, 729 So.2d 1237, 1240 (Miss. 1998) and overruled in *Carr v. Town of Shubuta*, 733 So.2d 261, 263 & 266 (Miss. 1999), and the rule of substantial compliance subsequently applied to cases arising under the Tort Claims Act. *Carr*, 733 So.2d 261. Trosclair and Bailes argued that equitable estoppel should apply in the instant case due to the misrepresentations of the MDOT which were acknowledged by the circuit court in its grant of partial summary judgment to Trosclair and Bailes. This judgment, however, was not certified and only the second summary judgment in favor of the MDOT is before the Court. Because the circuit court applied precedent which is no longer authoritative, the judgment of the circuit court must be reversed and the case remanded for further proceedings.

¶10. With the replacement of strict compliance with that of substantial compliance, the Court opened the door for the application of equitable estoppel in cases arising under the Tort Claims Act. *See Smith County Sch. Dist. v. McNeil*, 743 So.2d 376 (Miss. 1999); *Mississippi Dep't of Pub. Safety v. Stringer*, No. 97-IA-00187-SCT, 1999 WL 353025 (June 3, 1999); *Ferrer v. Jackson County Bd. of Supervisors*, 741 So.2d 216 (Miss. 1999); *Carr*, 733 So.2d 261. Given this line of precedent, the facts of a case may permit the application of equitable estoppel to the notice of claim provision as well as the statute of limitations of the Tort Claims Act.

¶11. "Equitable estoppel requires a representation by a party, reliance by the other party, and a change in position by the relying party." *Carr*, 733 So.2d at 265 (quoting *Westbrook v. City of Jackson*, 665 So.2d 833, 839 (Miss. 1995) (citing *Izard v. Mikell*, 173 Miss. 770, 774, 163 So. 498, 499 (1935)). Inequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations. *Stringer*, 1999 WL 353025 at 4; *Carr* at 265 (citing *Mannino v. Davenport*, 99 Wis.2d 602, 614, 299 N.W.2d 823, 828 (1981)). While there is no Mississippi precedent applying equitable estoppel to the statute of limitations under the Tort Claims Act, logic and case law suggests that where there is inequitable conduct, in order to avoid a serious injustice, equitable estoppel should be applied. *See generally Stringer*, 1999 WL 353025; *see also Stringer* at 7-8 (dissent); *Carr* at 265.

¶12. Furthermore, reason intimates that, if the facts support it, applying the discovery rule in instances involving misrepresentation could be appropriate. *See Barnes v. Singing River Hosp. Sys.*, 733 So.2d 199, 205-06 (Miss. 1999) (applied the discovery rule in a medical malpractice case involving latent injury where plaintiff failed to file suit before the running of the one-year statute of limitations because there was no way she could have reasonably found out who was responsible for the injury).

¶13. Concerning the application of equitable estoppel, "[the] issue becomes a question for the trier of fact when there is evidence to support a finding that the plaintiff reasonably relied on the actions of the defendant to his detriment." *Stringer*, 1999 WL 353025 at 8 (dissent). In the instant case the circuit court applied precedent requiring strict compliance with the statute that has since been overruled by *Carr*. This Court now recognizes substantial compliance with the notice statute. Further, there is a material issue of fact as to whether Trosclair and Bailes reasonably relied upon the misrepresentations of Cindy Irby. "This Court has attempted to move with care and caution in the development of the law in this new statutory area. That is as it should be. . . .It is better to err on the side of denying a motion for summary judgment if a doubt exists as to whether a genuine issue of fact exists." *McNeil*, 743 So.2d at 379.

¶14. Though we recognized that this judge applied a test we once said was law, such is law no more. Consequently, the judgment of the circuit court granting the MDOT's motion for summary judgment is reversed, and this case is remanded for further proceedings consistent with this opinion.

¶15. **REVERSED AND REMANDED.**

**PRATHER, C.J., SULLIVAN, P.J., BANKS, McRAE, SMITH, MILLS, WALLER AND COBB, JJ., CONCUR.**