**Mary A. JOE, et al., Plaintiffs,**

v.

**MINNESOTA LIFE INSURANCE COMPANY, et al., Defendants.**

**No. 1:02CV154GuRo.**

United States District Court, S.D. Mississippi, Southern Division.

July 21, 2004.

---

88. Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment, p. 1.

Roy C. Williams, Williams, Heidelberg, Steinberger & McElhaney, Pascagoula, MS, John E. Hughes and Kelly D. Simpkins, Wells, Marble & Hurst, PLLC, Jackson, MS, Sheila J. Carpenter, Jorden Burt LLP, Washington, DC, for defendants.

Alben N. Hopkins and Mariano Barvié, Hopkins, Barvié & Hopkins, PLLC, Gulfport, MS, for plaintiffs Joe, Snyder, and Templet.

James R. Reeves, Jr., Lumpkin & Reeves, PLLC, Biloxi, MS, for plaintiff Wilson.

### MEMORANDUM OPINION AND ORDER GRANTING DEFENDANTS' MOTIONS FOR SUMMARY JUDGMENT

GUIROLA, District Judge.

BEFORE THE COURT are the Motions for Summary Judgment of Defendants Minnesota Life Insurance Company, f/k/a The Minnesota Mutual Life Insurance Company; Securian Financial Services, Inc., f/k/a Ascend Financial Services, Inc.; Minnesota Mutual Companies, Inc.; Securian Holding Company and Securian Financial Group, Inc. (the "Minnesota Defendants") [66][79][80][81], the Responses of Plaintiffs Rhona Leah Fortenberry Snyder ("Snyder"), John Templet ("Templet"), Nancy Wilson ("Wilson") and Mary A. Joe ("Joe"), and the Minnesota Defendants' Replies. After careful consideration of the

submissions and the relevant law, it is the Court's opinion that the Motions should be granted.

### DISCUSSION

#### 1. The Legal Standard

FED. R. CIV. P. 56 permits any party to a civil action to move for a summary judgment upon a claim, counterclaim, or cross-claim as to which there is no genuine issue of material fact and upon which the moving party is entitled to prevail as a matter of law. In effect, Rule 56(c) provides that as a matter of law, upon admitted or established facts, the moving party is entitled to prevail. Summary judgment "is not a catch penny contrivance to take unwary litigants into its toils and deprive them of a trial, it is a liberal measure, liberally designed for arriving at the truth. Its purpose is not to cut litigants off from their right of trial by jury if they really have evidence which they will offer on a trial, it is to carefully test this out, in advance of trial by inquiring and determining whether such evidence exists." *Whitaker v. Coleman,* 115 F.2d 305, 307 (5th Cir.1940). A party seeking summary judgment bears the initial burden of identifying those portions of the pleadings and discovery on file, together with any affidavits, which it believes demonstrate the absence of a genuine issue of material fact. *Celotex Corp. v. Catrett,* 477 U.S. 317, 325, 106 S.Ct. 2548, 2554, 91 L.Ed.2d 265 (1986). Once the movant carries its burden, the burden shifts to the non-movant to show that summary judgment should not be granted. *Id.* at 324–25, 106 S.Ct. at 2553–54. The non-moving party may not rest upon mere allegations or denials in its pleadings, but must set forth specific facts showing the existence of a genuine issue for trial. *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 256–57, 106 S.Ct. 2505, 2514, 91 L.Ed.2d 202 (1986).

#### 2. The Facts

The following relevant facts appear to be undisputed. Plaintiffs Snyder, Templet, Wilson and Joe were clients of C. Douglas Gulley, ("Gulley"), formerly a general agent of Minnesota Life and registered representative of Securian Financial Services. Gulley received money from Plaintiffs over several years for investment with Minnesota Life, but rather than transmitting the money to Minnesota Life, Gulley retained it for his own purposes. The Plaintiffs were among a number of clients Gulley defrauded this way. Gulley's criminal activity was eventually discovered and made public when the Mississippi Secretary of State raided Gulley's office on March 19, 1998. Gulley was arrested on March 31, 1998. Both of these events generated publicity from print and broadcast media on the Mississippi Coast.

During the spring of 1998, Plaintiffs and Minnesota Mutual Life Insurance Company communicated regarding the stolen funds. All Plaintiffs received a number of letters from Kathy Gruber of Minnesota Life while Ms. Gruber worked to discover how much had been stolen from them. Each Plaintiff received a letter in June or July 1998 from Ms. Gruber setting out the amount each was due and a proposed reimbursement. Each signed an agreement with Minnesota Life acknowledging that his or her losses, with interest, were correctly calculated and subsequently received a check for the calculated amount.

#### 3. The Motions for Summary Judgment

Plaintiffs allege twelve causes of action against Minnesota Life: (1) breach of fiduciary duty; (2) misrepresentation and concealment; (3) breach of implied covenant of good faith; (4) continuing breach of contract; (5) negligence; (6) negligent infliction of mental and emotional distress;

(7) misrepresentation; (8) malpractice; (9) intentional infliction of emotional distress; (10) tort of outrage; (11) continuing misrepresentation and concealment; and (12) negligence per se. The Minnesota Defendants contend that each of these causes of action is governed either by a three-year or one-year limitations period, MISS. CODE §§ 15–1–49(1), 15–1–35, and they are therefore entitled to summary judgment because Plaintiffs allowed the limitations period to expire before filing their Complaints in 2002.[1]

In response, Plaintiffs allege that the running of the statute of limitation periods was tolled by application of the fraudulent concealment statute, MISS. CODE § 15–1–67, or the doctrine of equitable estoppel. According to Plaintiffs, Minnesota Defendants tricked them into believing that the Minnesota Defendants were blameless in the Gulley matter, because they trusted the Minnesota Defendants and reasonably relied on their "statements of no fault," when in fact the Minnesota Defendants were aware of Gulley's criminal activities prior to the Secretary of State's raid on Gulley's office, and therefore aware of their own culpability.

 Neither fraudulent concealment nor equitable estoppel apply to the undisputed facts in this case. Fraudulent concealment pursuant to MISS. CODE § 15–1–67 requires that the plaintiff show that "(1) some affirmative act or conduct was done and prevented discovery of a claim and (2) due diligence was performed on [plaintiff's] part to discover it." *Stephens v. Equitable Life Assur. Society of U.S.*, 850 So.2d 78, 84 (Miss.2003).

 The Plaintiffs were clearly aware of facts giving rise to potential claims against the Minnesota Defendants shortly after the Gulley matter became public. The letters received by each Plaintiff, written by Kathy Gruber of Minnesota Mutual Life Insurance Company, attached to Defendants' Motions for Summary Judgment establish that each had actual knowledge of facts that a potential claim against the Minnesota Defendants existed. Thus the statute of limitation periods began to run in April 1998, at the latest. *See In re Catfish Antitrust Litigation*, 826 F.Supp. 1019 (N.D.Miss.1993).

Plaintiffs Templet and Joe claim to have ignored or missed media reports of the Gulley matter, while Snyder and Wilson acknowledge being aware of the extensive publicity surrounding the raid and Gulley's prosecution, as well as publicity about suits filed against Minnesota Life in 1998. Whether Plaintiffs paid attention to public information regarding the Gulley matter or not, the operative facts were laid out for all to see. This sort of widespread publicity of events is sufficient to charge a plaintiff with knowledge of their occurrence. *See, e.g., United Klans of Am. v. McGovern*, 621 F.2d 152, 154 (5th Cir.1980). That none of the Plaintiffs pursued claims against the Minnesota Defendants before the longest statute of limitations period expired in April 2001 shows a lack of diligence on Plaintiffs' part, not concealment by the Defendants. Plaintiffs cannot equate the Minnesota Defendants' failure to admit guilt or solicit a lawsuit with concealment of potential claims.

 This lack of diligence makes equitable estoppel inapplicable as well. Equitable estoppel can be asserted to a statute of limitations defense to avoid a serious injustice if there is inequitable conduct. *Trosclair v. Miss. Dep't of Transp.*, 757 So.2d 178, 181 (Miss.2000). For equitable

---

1. Joe, Snyder and Templet filed their Complaints on March 11, 2002. Wilson filed on December 30, 2002.

estoppel to apply, there must be a representation by a party, reliance by the other party, and a change in position by the relying party. *Carr v. Town of Shubuta,* 733 So.2d 261, 265 (Miss.1999). There is no allegation or evidence that the Minnesota Defendants misled or caused Plaintiffs to believe they did not need to comply with the statute of limitations. *See, e.g., Irwin v. Dep't of Veterans Affairs,* 498 U.S. 89, 111 S.Ct. 453, 112 L.Ed.2d 435 (1990) (applying doctrine of equitable tolling against the government when its misconduct induces or tricks plaintiff into missing a filing deadline). The Court therefore finds that equitable estoppel has not tolled the statutes of limitation in this case. The statutes ran as Plaintiffs failed to pursue their legal remedies against the Minnesota Defendants. Thus, Plaintiff's claims are barred by the applicable statute of limitations.

**IT IS THEREFORE ORDERED AND ADJUDGED** that the Motions for Summary Judgment of Defendants Minnesota Life Insurance Company, f/k/a The Minnesota Mutual Life Insurance Company; Securian Financial Services, Inc., f/k/a Ascend Financial Services, Inc.; Minnesota Mutual Companies, Inc.; Securian Holding Company and Securian Financial Group, Inc. [66][79][80][81] are **GRANTED.**

**IT IS FURTHER ORDERED AND ADJUDGED** that the claims of Plaintiffs Rhona Leah Fortenberry Snyder, John Templet, Nancy Wilson and Mary A. Joe against Defendants are **DISMISSED.**