912 So.2d 1114 (2005)
Evelyn J. PATRICK, Appellant
v.
Clayton L. SHIELDS, City of Iuka, City of Iuka Fire Department and Mississippi Municipal Services Company, Inc., Appellees.
No. 2004-CA-01718-COA.
Court of Appeals of Mississippi.
October 18, 2005.
*1115 Thomas L. Sweat, Corinth, attorney for appellant.
Wilton V. Byars, Terry Dwayne Little, Oxford, attorneys for appellees.
Before BRIDGES, P.J., MYERS and CHANDLER, JJ.
MYERS, J., for the Court.
¶ 1. On November 12, 2001, Evelyn Patrick (Patrick) was injured when Clayton Shields (Shields), an employee of the Iuka Fire Department, backed the fire truck into Patrick's car. The Mississippi Municipal Services, Co. (MMSC) paid Patrick for damages to her vehicle, but took no immediate action on Patrick's personal injuries. Some negotiations followed between Patrick and MMSC, but no settlement was reached. On November 10, 2003, Patrick filed her notice of claim with Benny Gray, the Iuka City Clerk, and also filed her complaint in the Circuit Court of Tishomingo County against Shields, the City of Iuka, the Iuka Fire Department and MMSC. On December 10, 2003, the defendants filed a motion to dismiss stating that the statute of limitations under the Mississippi Tort Claims Act (MTCA) had long since run and that the notice of claim requirements were not complied with. The circuit court granted the motion to dismiss and entered a final judgment dismissing Patrick's action with prejudice on July 28, 2004.
¶ 2. Aggrieved by the judgment of the circuit court, Patrick now appeals, raising the following four issues:
I. WHETHER THE DEFENDANTS ARE EQUITABLY ESTOPPED FROM ASSERTING THE ONE-YEAR STATUTE OF LIMITATIONS IN THE MISSISSIPPI TORT CLAIMS ACT BASED ON THE CONDUCT OF THE MISSISSIPPI MUNICIPAL SERVICES COMPANY, INC.

*1116 II. WHETHER THE PLAINTIFF HAS SUBSTANTIALLY COMPLIED WITH THE "NOTICE OF CLAIM" REQUIREMENT IN THE MISSISSIPPI TORT CLAIMS ACT.
III. WHETHER THE TRIAL COURT SUMMARILY DISMISSED THE PLAINTIFF'S COMPLAINT WHEN THERE ARE DISPUTED ISSUES OF MATERIAL FACT TO BE DETERMINED AT TRIAL.
IV. WHETHER THE PLAINTIFF IS ABLE TO BRING AN ACTION DIRECTLY AGAINST DEFENDANT MMSC FOR ITS TORTIOUS CONDUCT.
¶ 3. Finding no reversible error, we affirm the judgment of the circuit court.

FACTS
¶ 4. The allegations are that on November 12, 2001, Patrick was driving her automobile south on Pearl Street in Iuka, Mississippi when she came to a stop behind a fire truck driven by Clayton Shields, an employee of the Iuka Fire Department. Shields began backing up which resulted in the fire truck colliding with Patrick's automobile, damaging the car and injuring Patrick's shoulder.
¶ 5. MMSC paid Patrick for damage to her automobile, but after correspondence between MMSC and Patrick's attorney, MMSC made no offer to pay Patrick's medical expenses. On November 10, 2003, Patrick filed her complaint in the Circuit Court of Tishomingo County and filed her notice of claim with the City Clerk in Iuka. Defendants responded by filing a motion to dismiss on December 9, 2003. After a hearing on July 15, 2004, the circuit court entered a final judgment dated July 28, 2004, dismissing Patrick's complaint with prejudice.

LEGAL ANALYSIS
I. WHETHER THE DEFENDANTS ARE EQUITABLY ESTOPPED FROM ASSERTING THE ONE-YEAR STATUTE OF LIMITATIONS IN THE MISSISSIPPI TORT CLAIMS ACT BASED ON THE CONDUCT OF THE MISSISSIPPI MUNICIPAL SERVICES COMPANY, INC.
¶ 6. Patrick argues that the defendants (hereinafter "MMSC") should be equitably estopped from asserting the statute of limitations of the Mississippi Tort Claims Act as a defense. Patrick also argues that MMSC's conduct was inequitable at best, and that her delay in filing a complaint was induced by the action of MMSC.
¶ 7. MMSC argues that the facts do not support any claim of inequitable or fraudulent conduct. MMSC also argues that they did not mislead or cause Patrick to believe that she would not have to comply with the statute. MMSC takes the position that they were simply trying to resolve the case by settlement.

STANDARD OF REVIEW
¶ 8. We apply a de novo standard when reviewing the granting of a M.R.C.P. 12(b)(6) motion. Roberts v. New Albany Separate School Dist., 813 So.2d 729, 730(4) (Miss.2002); Arnona v. Smith, 749 So.2d 63, 65-66(6) (Miss.1999). Therefore, we sit in the same position as the trial court but are not required to defer to the trial court's ruling. Statutory interpretation is a question of law and is therefore reviewed under the de novo standard. Donald v. Amoco Production Co., 735 So.2d 161, 165(7) (Miss.1999).

DISCUSSION
¶ 9. Mississippi Code Annotated § 11-46-11 (Rev.2002) addresses the statute of limitations for any lawsuit arising *1117 against a state entity. Patrick asserts that MMSC's conduct equitably estops them from asserting the statute of limitations as a defense. We find Patrick's argument regarding equitable estoppel to be rather strained. "Equitable estoppel requires a representation by a party, reliance by the other party, and a change in position by the relying party." Westbrook v. City of Jackson, 665 So.2d 833, 839 (Miss.1995) (citing Izard v. Mikell, 173 Miss. 770, 163 So. 498, 499 (1935)). "Inequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations." Trosclair v. Miss. Dep't. of Transp., 757 So.2d 178, 181(11) (Miss.2000) (citing Mississippi Dep't. of Pub. Safety v. Stringer, 748 So.2d 662, 665(11) (Miss.1999)).
¶ 10. Patrick relies on Trosclair, arguing that MMSC's conduct was inequitable. Trosclair, 757 So.2d at 178(¶ 1). The facts in the present case are much different from the facts in Trosclair. In Trosclair, the circuit court awarded summary judgment in favor of the Mississippi Department of Transportation (MDOT) after determining the notice requirements of the MTCA had not been met. Id. Susan Trosclair and Bridget Bailes were injured when their car left the roadway on U.S. Highway 49, which was under construction at the time of the accident. Id. at 179(2). When their attorney contacted MDOT he was informed that the construction was being done by a private contractor. Id. Approximately fourteen months after the accident and after an investigation was concluded, the attorney learned that MDOT had performed the renovations to the roadway. Id. Even though the one year statute of limitations had expired on their claim, Trosclair and Bailes filed suit against MDOT. Id. The circuit court granted MDOT's motion to dismiss stating that Trosclair and Bailes failed to comply with the MTCA notice requirements. Id. at 180(¶ 5).
¶ 11. On appeal, the supreme court determined that there was a material issue of fact as to whether Trosclair and Bailes reasonably relied on the misrepresentation of MDOT. Id. at 181(¶ 13). Therefore, the supreme court reversed the grant of summary judgment in favor of MDOT and remanded the case to the circuit court. Id.
¶ 12. In the present case, Patrick has failed to establish that MMSC mislead or made a misrepresentation regarding the running of the statute of limitations. Patrick did not establish that MMSC's conduct was fraudulent, or that MMSC prevented Patrick from filing her complaint on time. There is no evidence from the record that MMSC intentionally prevented Patrick from filing her claim before the statute of limitations expired. There are certain situations where a defendant's actions may be such that estop the defendant from being protected by the statute of limitations. However, equitable estoppel should not be applied so liberally as to allow a plaintiff to assert estoppel where no fraudulent or inequitable behavior is present. Stringer, 748 So.2d at 665(13).
¶ 13. The accident happened on November 12, 2001, but the complaint was not filed until November 10, 2003, well beyond the one-year statute of limitations, as set forth in Mississippi Code Annotated § 11-46-11. The only thing that prevented the timely filing of the complaint was Patrick's misplaced assumption that MMSC's non-specific statements about possible settlement meant that Patrick need not comply with the MTCA. Although there was ongoing settlement negotiations between the parties there was never a representation by MMSC that the statute of limitations was tolled. "Though statutes of limitation may sometimes have harsh effects, it is not the responsibility of the State, nor any other potential defendant, *1118 to inform adverse claimants that they must comply with the law." Id. at 667(¶ 21).
¶ 14. Since there is no evidence that MMSC misled Patrick, they are not estopped from relying on this defense. There is also no evidence of an intentional delay which would toll the statute. Patrick's injury occurred on November 12, 2001, and she did not file her claim until November 10, 2003, almost two years after her injury. Therefore, Patrick did not comply with the statute of limitations set forth in Mississippi Code. Annotated § 11-46-11. Patrick filed her complaint after the statute of limitations had expired. After addressing the first issue and finding no fraud or inequitable conduct on the part of MMSC, the other three issues become moot. Therefore, we find no need to address the last three issues.
¶ 15. THE JUDGMENT OF THE CIRCUIT COURT OF TISHOMINGO COUNTY IS AFFIRMED. ALL COSTS OF THIS APPEAL ARE ASSESSED TO THE APPELLANT.
KING, C.J., BRIDGES AND LEE, P.JJ., IRVING, CHANDLER, GRIFFIS, BARNES AND ISHEE, JJ. CONCUR.