IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**F I L E D**

October 15, 2008

Charles R. Fulbruge III
Clerk

No. 08-60018
Summary Calender

GLO KAUFMAN, by & through her daughter & Attorney-in-Fact Debrah
Kaufman

Plaintiff - Appellant

v.

ROBINSON PROPERTY GROUP LIMITED PARTNERSHIP, doing business
as Horseshoe Casino & Hotel

Defendant - Appellee

Appeal from the United States District Court
for the Northern District of Mississippi
No. 2:07-CV-48

Before DAVIS, GARZA, and PRADO, Circuit Judges.

PER CURIAM:[*]

On January 31, 2003, Glo Kaufman[1] dined at the Horseshoe Casino &
Hotel in Tunica, Mississippi. Walking to the buffet, she stepped in "some oily
type of liquid" and fell to the floor, suffering significant injuries. Instead of filing

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not
be published and is not precedent except under the limited circumstances set forth in 5TH CIR.
R. 47.5.4.

[1] Kaufman files this appeal pro se. As indicated by the style of the case, her daughter Debrah
filed the original complaint in the district court. Debrah has power of attorney, but is not licensed to
practice law, so the district court prohibited Debrah from representing her mother.

suit, Kaufman began communicating with Robinson Property Group ("Robinson Property") to settle her injury claim. These communications continued over the next three years without resolution. Kaufman filed the instant case in the district court, based on diversity jurisdiction, on March 26, 2007. The district court granted Robinson Property's Rule 12(b)(6) Motion to Dismiss, finding that the statute of limitations for Kaufman's claim had expired.

We review a district court's granting of a 12(b)(6) Motion to Dismiss de novo, asking "whether in the light most favorable to the plaintiff and with every doubt resolved in his behalf, the complaint states any valid claim for relief." See Causey v. Sewell Cadillac-Chevrolet, Inc., 394 F.3d 285, 288 (5th Cir. 2004). Only where it seems beyond doubt that plaintiff cannot prove any set of facts entitling her to relief should we uphold the dismissal. Id. at 288 (internal citations and quotations omitted). However, plaintiff's factual allegations must provide more than just a speculative right to relief. See Bell Atl. Corp. v. Twombly, 127 S. Ct. 1955, 1965 (2007).

Under Mississippi state law, the statute of limitations period for a personal injury claim is three years. See Brown v. Winn-Dixie, 669 So. 2d 92, 94 (Miss. 1996) (citing MISS. CODE ANN. § 15-1-49). It is undisputed that Kaufman's action accrued on the date of the accident, January 31, 2003, and that she filed the instant action on March 26, 2007. Thus, she filed suit nearly fourteen months after the statute of limitations ran. She claims that Robinson Property purposely misrepresented to her that it would enter into a settlement agreement, and that she relied on this misrepresentation by not filing suit, which should allow her claim to proceed despite the statute of limitations.

We construe a pro se appellant's briefs liberally. See Price v. Digital Equip. Corp., 846 F2d 1026, 1028 (5th Cir. 1988). Although the district court correctly determined that Kaufman failed to state a claim for tolling the statute

of limitations due to fraudulent concealment under § 15-1-67,[2] we find that Kaufman has also pled an equitable estoppel claim. In her original complaint and appellate brief, she argues that equitable estoppel should prevent Robinson Property from relying on the statute of limitations, citing to Izard v. Mikell, 173 Miss. 770 (1935) (applying equitable estoppel to prevent defendant from asserting a statute of limitations defense).  In Izard, the Mississippi Supreme Court found that where a debtor makes a promise to pay that induces the creditor to let the statute of limitations run, and the creditor forgoes filing suit in reliance on that promise, equitable estoppel prevents the debtor from maintaining a statute of limitations defense.

In a more recent explication of equitable estoppel, the Mississippi Supreme Court held that "Equitable estoppel requires a representation by a party, reliance by the other party, and a change in position by the relying party. . . . [W]here there is inequitable conduct, in order to avoid a serious injustice, equitable estoppel should be applied." Trosclair v. Mississippi DOT, 757 So. 2d 178, 181 (Miss. 2000) (reversing summary judgment based on the statute of limitations on equitable estoppel grounds) (internal citations omitted).  Where evidence exists indicating plaintiff reasonably relied on defendant's actions to her detriment in determining whether to file suit, whether equitable estoppel should prevent defendant from prevailing on a statute of limitations defense is a question for the trier of fact.  See id.  Although equitable estoppel originated in the context of contract disputes, it has been extended to apply to tort plaintiffs as well.  See id.

Affording Kaufman's briefs the liberal interpretation warranted to a pro

---

[2] Mississippi Code Annotated § 15-1-67 provides that if a person "liable to any personal action shall fraudulently conceal the cause of action from the knowledge of the person entitled thereto, the cause of action shall be deemed to have first accrued at, and not before, the time at which such fraud shall be, or with reasonable diligence might have been, first known or discovered."  We agree with the district court that in this case, no evidence exists that Robinson Property concealed, or even could have concealed, the cause of action) ) which unquestionably accrued when Kaufman slipped and fell.

se party, we find that she has adequately raised an equitable estoppel claim. She alleges that Robinson Property repeatedly represented to her that a settlement was forthcoming. Moreover, Robinson Property continually prevailed on Kaufman for more time to complete settlement while it dealt with changes in risk management companies, and the effects of Hurricane Katrina (which Robinson Property told her had devastated its risk management offices and damaged her claim files). Kaufman continued to comply with Robinson Property's requests, and relied on its representations of an imminent settlement by not filing suit, counting on its good faith offer to settle and sympathizing with its plight during the hurricane. Despite the allegedly continued assurances of settlement, as soon as the statute of limitations ran Robinson Property informed Kaufman that she no longer had a valid claim. Kaufman claims that she relied on these assurances, and as a consequence lost the right to recover on her personal injury claim.

Kaufman has presented evidence stating a valid claim under equitable estoppel, constituting more than mere speculation. Because the district court limited its analysis to fraudulent concealment and did not consider equitable estoppel, we find that the 12(b)(6) Motion to Dismiss was improperly granted.

Accordingly, we VACATE the district court's order of dismissal, REMANDING for proceedings consistent with this opinion.