# IN THE COURT OF APPEALS OF THE STATE OF MISSISSIPPI

## NO. 2024-CA-00561-COA

BARBARA SLAUGHTER JONES,
INDIVIDUALLY AND AS HEIR AT LAW OF
THELMA SLAUGHTER JACKSON, DECEASED,
AND ON BEHALF OF THE ESTATE OF
THELMA SLAUGHTER JACKSON, DECEASED

APPELLANT

v.

MADISON COUNTY NURSING HOME

APPELLEE

| | |
|---|---|
| DATE OF JUDGMENT: | 10/30/2023 |
| TRIAL JUDGE: | HON. DEWEY KEY ARTHUR |
| COURT FROM WHICH APPEALED: | MADISON COUNTY CIRCUIT COURT |
| ATTORNEY FOR APPELLANT: | WILLIAM MATTHEW BURCH |
| ATTORNEY FOR APPELLEE: | H. WESLEY WILLIAMS III |
| NATURE OF THE CASE: | CIVIL - PERSONAL INJURY |
| DISPOSITION: | AFFIRMED - 11/04/2025 |
| MOTION FOR REHEARING FILED: | |

**BEFORE BARNES, C.J., WESTBROOKS AND McCARTY, JJ.**

**WESTBROOKS, J., FOR THE COURT:**

¶1.     Thelma Slaughter Jackson suffered an ankle fracture while she was a resident at Madison County Nursing Home (MCNH). Following her death, her daughter, Barbara Jones, pursued a negligence action against MCNH. Jones sent presuit notice to multiple entities, including the Madison County Board of Supervisors, citing the statutory provisions of the Mississippi Tort Claims Act (MTCA). The Board of Supervisors responded with a letter from its attorney asserting that the county was not a proper party to the lawsuit and listing ways in which the county lacked control over the nursing home's day-to-day operations. Jones construed this letter to constitute a representation that Madison County Nursing Home was

not a community hospital owned by Madison County and that the lawsuit therefore did not fall under the MTCA, which has a one-year statute of limitations. Jones sued the nursing home outside of the MTCA statute of limitations period, and the circuit court subsequently granted the nursing home's motion to dismiss for failure to timely file suit. Jones appeals, arguing that the nursing home should be estopped from invoking the statute of limitations because Jones reasonably relied on the Board of Supervisors' misleading representations. Finding no error, we affirm.

## FACTS AND PROCEEDINGS BELOW

¶2.    According to the complaint, Thelma was a non-verbal and bed-bound resident at MCNH who suffered from Alzheimer's and senile dementia. In January 2021, the nursing home staff noticed bruising and swelling around Thelma's left ankle. She was taken to the doctor a couple of days later, where an X-ray indicated that she had an ankle fracture that was approximately a month old. She remained a resident at the nursing home until she passed away in December 2021.

¶3.    Barbara Jones, Thelma's daughter, sent presuit notice to the administrator of MCNH, the MCNH Board of Trustees, the Madison County Chancery Court Clerk, and the Madison County Board of Supervisors on January 11, 2022. The notice stated that it was sent "in accordance with the terms and provisions of the Mississippi Tort Claims Act, Miss. Code Ann. § 11-46-11 and serves as your NOTICE OF CLAIM of our intention to file suit."

¶4.    The Board of Supervisors responded with the following letter from its attorney, Mike Espy:

This letter comes in reply to a Notice of Claim recently received concerning a suit anticipated to be filed against Madison County Nursing Home Board of Trustees, and Madison County, Mississippi, by Barbara Slaughter Jones on behalf of her deceased mother, Thelma Slaughter Jackson.

As counsel for the Madison County Board of Supervisors, I am writing to inform you that Madison County, Mississippi is not a proper party to this suit, and should not be sued in the matter for the following reasons: 1. Madison County does not control, oversee, and has no authority over or direct relationship with the Madison County Nursing Home ([M]CNH); 2. Madison County, as a political subdivision, enjoys immunity from such suits as envisioned and prescribed by §11-46-1(i) MS Code of 1972 (Annotated).

To further specify: Madison County does not hire or fire MCNH employees, including the Executive Director; does not provide MCNH employees with health insurance or employee benefits; does not administer the personnel policy, or administer the payroll system of MCNH; does not set the budget for MCNH or appropriate funds to it; does not maintain the premises of MCNH; does not have any oversight of MCNH employees, and does not have any input in the administration of medical care at MCNH whatsoever.

Additionally, as a matter of law, a claim grounded in medical malpractice cannot be sustained against Madison County, because the county itself is not a provider of medical care. As you are aware, a plaintiff must show, inter alia, the existence of a doctor-patient (client) relationship, and a breach of the duties associated therewith, in order to present an actionable claim of medical malpractice. No such relationship exists as regards putative Defendant, Madison County, Mississippi.

Therefore, based on the foregoing, I am asking that you abandon any intent to sue, or to prosecute any Claim against Madison County, Mississippi, in this matter.

¶5. On January 11, 2023, Jones sent a new notice of claim to the nursing home, but this time she cited Mississippi Code Annotated section 15-1-36 (Rev. 2019), which is applicable to actions for medical malpractice and contains a two-year statute of limitations. Jones filed the complaint against the nursing home on March 14, 2023. The Board of Supervisors was not named as a defendant. The nursing home responded with a motion to dismiss, arguing

that it is a county-owned community hospital subject to the MTCA's one-year statute of limitations.

¶6.     Jones' response in opposition to the motion to dismiss argued that the nursing home should be equitably estopped from invoking the statute of limitations because the Board of Supervisors' letter "misrepresented the relationship between the Defendant and the Board of Supervisors and [misrepresented] who owns the Defendant." Following a hearing on the motion, the circuit court agreed that the action was barred by the one-year MTCA statute of limitations and dismissed the complaint.[1]

¶7.     Jones now appeals.

## STANDARD OF REVIEW

¶8.     Orders ruling on motions to dismiss are reviewed de novo. *Spiers v. Oak Grove Credit LLC*, 328 So. 3d 645, 650 (¶10) (Miss. 2021). "The de novo review standard applies to questions concerning the statute of limitations including the statute of limitations under the MTCA." *Green v. Singing River Health Sys.*, 294 So. 3d 646, 651 (¶15) (Miss. Ct. App. 2020) (citation omitted).

## DISCUSSION

¶9.     On appeal, the parties agree that MCNH is a community hospital under Mississippi Code Annotated section 41-13-10(c) (Rev. 2023), which provides that a community hospital

> shall mean any hospital, nursing home and/or related health facilities or programs, including, without limitation, ambulatory surgical facilities, intermediate care facilities, after-hours clinics, home health agencies and rehabilitation facilities, established and acquired by boards of trustees or by

---

[1] The court also denied Jones' motion for reconsideration.

one or more owners which is governed, operated and maintained by a board of trustees.

The parties agree that Madison County is the "owner" of the nursing home, as defined by section 41-10(d), which provides that "owner"

> shall mean any board of supervisors of any county having an ownership interest in any community hospital or leased facility on behalf of the county or on behalf of any supervisors district, judicial district or election district of the county and shall also mean any governing council or board of any municipality having an ownership interest in any community hospital or leased facility.

Further, under section 41-13-29,

> [t]he owners are authorized to appoint trustees for the purpose of operating and governing community hospitals. The owner of a community hospital may remove a trustee after appointment for good cause shown, upon a unanimous vote of all members of the governing board of the owner that appointed the trustee, or upon a majority vote of the governing board of the owner that appointed the trustee after a recommendation from the board of trustees of the hospital that the trustee be removed.

MCNH has five members on its board of trustees, each appointed by the five members of the Madison County Board of Supervisors from their respective districts. Additionally, Madison County owns the property and facilities that house the nursing home residents.

¶10.   Community hospitals are explicitly categorized as political subdivisions under Mississippi Code Annotated section 11-46-11(i) (Rev. 2019) and, as such, fall under the MTCA and its one-year statute of limitations. *See* Miss. Code Ann. § 11-46-11(3)(a); *id.* § 41-13-11(5) ("[A]ny community hospital, owner or board of trustees shall be subject to and shall be governed by the provisions of Section 11-46-1 et seq. . . . for any cause of action . . . relating to or in connection with any activity or operation of any community hospital.").

¶11.   In light of these controlling provisions, and taking into account the tolling provisions

5

of the MTCA after presuit notice is given, the nursing home argues that the limitations period expired at the latest on July 19, 2022. The complaint was filed on March 13, 2023. Jones argues that the nursing home should be estopped from invoking the statute of limitations because the Board of Supervisors' letter misrepresented the relationship between Madison County and the nursing home, and as a result Jones reasonably relied on that representation to believe the claim was subject to the two-year statute of limitations.

¶12.    Equitable estoppel can operate to preclude reliance on a statute-of-limitations defense, including in MTCA cases. *Trosclair v. Miss. Dept. of Transp.*, 757 So. 2d 178, 181 (¶11) (Miss. 2000). "Equitable estoppel requires a representation by a party, reliance by the other party, and a change in position by the relying party." *Id.* (quoting *Westbrook v. City of Jackson*, 665 So. 2d 833, 839 (Miss. 1995) (other citation omitted)). "Inequitable or fraudulent conduct must be established to apply the doctrine of equitable estoppel to a statute of limitations." *Id.* (quoting *Miss. Dep't Pub. Safety v. Stringer*, 748 So. 2d 662, 665 (¶11) (Miss. 1999)). "[E]stoppel should only be used in exceptional circumstances and must be based on public policy, fair dealing, good faith, and reasonableness." *Powell v. Campbell*, 912 So. 2d 978, 982 (¶12) (Miss. 2005).

¶13.    In *Trosclair*, two plaintiffs were injured in a car accident that occurred on a stretch of road that was under construction. *Trosclair*, 757 So. 2d at 179 (¶2). The plaintiffs' attorney contacted the Mississippi Department of Transportation and spoke with an employee who mistakenly informed the attorney that the road work was done by a private contractor and not MDOT. *Id.* Relying on this information, the plaintiffs failed to instigate the suit

within the requisite limitations period. *Id.* at (¶3). The Mississippi Supreme Court held that equitable estoppel could operate to toll the statute of limitations in this circumstance and remanded the case because questions of material fact remained as to whether the plaintiffs had reasonably relied on the representation to their detriment. *Id.* at 181 (¶13); *see also Univ. of Miss. v. Aycock*, 369 So. 3d 534, 541 (¶24) (Miss. 2023) (stating waiver and equitable estoppel can apply to MTCA presuit notice requirements).

¶14.    Here, the nursing home argues that, unlike the employee's representation in *Trosclair*, the county's letter did not make any representations about the nursing home's status under the MTCA. The letter states that the purpose of the letter is to inform the plaintiff that "Madison County, Mississippi is not a proper party to this suit[.]" The letter did not make any reference to "owner" or "ownership" of the nursing home but, instead, detailed the county's lack of involvement in the day-to-day operations of the nursing home for the purpose of disavowing liability for the plaintiff's negligence claims. Moreover, the letter's author identifies himself as "counsel for the Madison County Board of Supervisors" and did not claim to represent any other entity that had been served with presuit notice. MCNH argues that "when read in context, there was nothing about . . . the letter that should have given the Plaintiff the impression that her claim was governed by anything other than the MTCA and the one-year statute of limitations."[2]

¶15.    The county's letter stopped short of explicitly representing that the county did not own

---

[2] The nursing home further suggests that "[i]f there was any doubt, reasonable diligence would have demanded the plaintiff either: (1) follow-up with Espy about any alleged confusion; or (2) file the lawsuit within the one-year statute of limitations."

the nursing home. However, the attorney's zealous advocacy for the county walked the line of disavowing control and responsibility for MCNH as an entity. But ultimately, for equitable estoppel to apply, a party's reliance on the representations of another must be reasonable. Here, MCNH's website states that it is "county owned." Medicare's website also lists MCNH as county government-owned. Looking at the total circumstances, we find that Jones' reliance on his interpretation of the county's letter was not reasonable. This is not an "extraordinary circumstance" warranting the application of equitable estoppel.

¶16.    The parties also present arguments addressing whether any misrepresentations made by the county can be imputed to the nursing home. MCNH argues that "For the doctrine of equitable estoppel to apply, the plaintiff must have relied on a misrepresentation by the defendant and not on a misrepresentation by some other individual or entity." *Kimball Glassco Residential Ctr. Inc. v. Shanks*, 64 So. 3d 941, 948 (¶20) (Miss. 2011). But Jones points to *Allstadt v. Baptist Memorial Hospital*, 893 So. 2d 1083 (Miss. Ct. App. 2005), in which this Court held that a community hospital retained protected status under the MTCA even though the day-to-day operations had been delegated by contract to a private entity due to the county's "ultimate control" of the hospital through its appointment of the board of trustees. Here, Madison County similarly retains ultimate control of MCNH through the appointment of the board of trustees, and this relationship of ultimate control is why the MCNH has the status to claim the protection of the one-year statute of limitations. However, because we find that estoppel does not apply, we do not address whether a county's representations can, in this context, be imputed to a distinct yet ultimately subordinate entity.

8

## CONCLUSION

¶17. Initially, Jones (the plaintiff) correctly identified this case as one governed by the MTCA and served presuit notice on the proper parties, including the nursing home and the Madison County Chancery Court Clerk. Jones' change in position was not reasonable. The circuit court correctly found Jones' action was barred by the one-year statute of limitations. We therefore affirm the judgment of the circuit court granting the MCNH's motion to dismiss.

¶18. **AFFIRMED.**

**BARNES, C.J., CARLTON, P.J., McDONALD, LAWRENCE, McCARTY, EMFINGER, WEDDLE AND LASSITTER ST. PÉ, JJ., CONCUR. WILSON, P.J., CONCURS IN PART AND IN THE RESULT WITHOUT SEPARATE WRITTEN OPINION.**